James Carlos FOOTE, Petitioner,

v.

The UTAH BOARD OF PARDONS; Pete Hahn, Chairman of the Utah Board of Pardons; and Victoria Palacios, Member of the Utah Board of Pardons, Respondents.

No. 900132.

Supreme Court of Utah.

March 14, 1991.

Craig S. Cook, Salt Lake City, for petitioner.

R. Paul Van Dam, C. Dane Nolan, Salt Lake City, for respondents.

HALL, Chief Justice:

This is an original proceeding in this court wherein petitioner James Carlos Foote seeks extraordinary relief. Foote contends that the manner in which his parole hearings have been conducted has deprived him of procedural due process.

Foote concedes that absent statutory language which limits a parole board's discretion, which is the case in Utah,[1] there is no federally protected liberty interest in parole release[2] nor is there an expectation of parole afforded by the due process clause of the federal constitution.[3] However, he urges that we reject the rationale of *Greenholtz* and interpret article I, section 7 of the Utah Constitution as creating due process protections in excess of those afforded by the federal constitution.

*Greenholtz* holds that unless the statutory scheme making parole available creates a reasonable expectation of release, parole is not a protected liberty interest under the federal due process clause and that no particular procedure need be followed in determining whether to grant it.[4] However, the reasoning of *Greenholtz* has little persuasive force when addressing a due process claim under the Utah Constitution in the context of our indeterminate sentencing scheme. In the federal system and in some other state courts, the trial

---

1. Utah Code Ann. § 77–27–5 (1990).

2. *Greenholtz v. Inmates Neb. Penal & Correction Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

3. *Id.*

4. *Greenholtz,* 442 U.S. at 14–16, 99 S.Ct. at 2107–08.

judge determines the number of years one convicted shall spend in prison and an early release is considered a matter of grace. It is in that context that the federal due process decisions about parole are made.[5] However, under the Utah indeterminate sentencing system, the statute under which a defendant is convicted of, for example, a first degree felony, sets the time of imprisonment as a range, from five years to life. If the trial judge sends the defendant to prison, the judge does not determine the number of years the defendant will spend there. That is left to the unfettered discretion of the board of pardons, which performs a function analogous to that of the trial judge in jurisdictions that have a determinate sentencing scheme.

There is no question that due process protections apply at the time of sentencing by the trial judge, whether the judge determines the actual number of years to be served, as in the federal courts and some state courts, or only whether to send the defendant to prison, as is the case in Utah.[6] The Utah Constitution certainly requires that equivalent due process protection be afforded when the board of pardons determines the actual number of years a defendant is to serve.

■ Utah Code Ann. § 77–27–5(3) provides that the determinations and decisions of the board of pardons in cases involving the approval or denial of paroles are final and not subject to judicial review. Thus there is no right of appeal from a decision of the board of pardons. Since an appeal is barred by this provision, and since an appeal is the only legal remedy that could exist in this case, it follows that no remedy at law exists. However, if section 77–27–5(3) was intended to preclude all judicial review, both by way of law and by way of extraordinary writs, then that section runs afoul of article I, section 11 of the Utah Constitution.[7] In addition, the mandate of the due process clause of article I, section 7

of the Declaration of Rights in the Utah Constitution is comprehensive in its application to all activities of state government. It is the province of the judiciary to assure that a claim of the denial of due process by an arm of government be heard and, if justified, that it be vindicated. What may constitute due process in any given circumstance may vary, but assuredly, the parole board is not outside the constitutional mandate that the actions of government must afford due process of law.[8] Thus, there is no question that habeas corpus review of the board of pardon's actions is available.

Precisely what due process requires of the board of pardons cannot be determined in the abstract, but must be determined only after the facts concerning the procedures followed by the board are flushed out.

The numerous assertions of fact petitioner makes pertaining to the conduct of the parole hearings are undocumented, and in the absence of an adequate record, this court is unable to conduct a meaningful review of the board's actions or of petitioner's due process claims. We therefore refer this matter to the district court of Salt Lake County for appropriate proceedings.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

5. See generally Greenholtz, 442 U.S. at 1, 99 S.Ct. at 2100 (judicially imposed maximum and minimum terms); Soloman v. Elsea, 676 F.2d 282 (7th Cir.1982); Evans v. Dillahunty, 662 F.2d 522 (8th Cir.1981).

6. See, e.g., State v. Howell, 707 P.2d 115, 117 (Utah 1985); Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977);

United States v. Fatico, 579 F.2d 707, 711 (2d Cir.1978).

7. Dunn v. Cook, 791 P.2d 873 (Utah 1990).

8. See, Hatch v. DeLand, 790 P.2d 49 (Utah Ct. App.1990); cf. Andrews v. Haun, 779 P.2d 229 (Utah 1989).