Kendall Q. **NORTHERN**, Plaintiff and Appellant,

v.

N. Eldon **BARNES**, Warden, Utah State Prison and the Department of Corrections through the Board of Pardons, Defendants and Appellees.

No. 900566–CA.

Court of Appeals of Utah.

June 28, 1991.

As Amended July 3, 1991.

---

Jo Carol Nesset–Sale, Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, State Atty. Gen., Kirk M. Torgensen, C. Dane Nolan, Asst. Utah Atty. Gen., Murray, for defendants and appellees.

Before GARFF, BENCH and BILLINGS, JJ. (Law and Motion).

## OPINION

PER CURIAM:

This matter is before the court on appellee's motion to transfer the case to the Utah Supreme Court. The basis for the motion to transfer is appellees' interpretation of Utah Code Ann. § 78–2a–3(2)(g) (1990 Supp.) to require an appeal from the denial of a petition for writ of habeas corpus involving a conviction of a first degree felony to be pursued in the Utah Supreme Court. Appellant, while asserting that jurisdiction is proper in this court, does not object to the motion.

■ Because the issue presented concerns an amendment to this court's jurisdictional statute, we take this opportunity to clarify our interpretation of Utah Code Ann. § 78–2a–3(2)(g). That section provides,

The Court of Appeals has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

. . . .

(g) appeals from orders on petitions for extraordinary writs sought by persons who are incarcerated or serving any other criminal sentence, except petitions constituting a challenge to a conviction of or the sentence for a first degree or capital felony;

The 1990 amendment, effective April 23, 1990, rewrote subsection (2)(g), which formerly read "appeals from orders on petitions for extraordinary writs involving a criminal conviction, except those involving a first degree or capital felony." The rule contemplates that the Utah Supreme Court, which would have jurisdiction over a direct appeal of a first degree or capital felony conviction, would also have jurisdiction where a petition for extraordinary writ is used as a substitute for a direct appeal of the conviction or sentence.[1] The Utah Court of Appeals will have jurisdiction in all other cases.

■ The present appeal involves a writ challenging the post-conviction actions of the board of pardons. It does not challenge the conviction in the trial court or the sentence. We conclude that the appeal is properly before this court, and the fact that appellant is serving a sentence for a first degree felony does not require a transfer to the Utah Supreme Court under the circumstances of this case.

On the basis of the foregoing, the motion is denied.

All concur.

---

1. The circumstances where a petition for an extraordinary writ can be used to challenge a conviction or sentence are extremely restricted. In *Fernandez v. Cook*, 783 P.2d 547, 549 (Utah 1989), the Utah Supreme Court stated:

    Habeas corpus proceedings may be used to attack a judgment or conviction on the ground that an obvious injustice or a substantial denial of a constitutional right occurred at trial. And in the ordinary case, a party may not raise issues in a habeas corpus petition that could or should have been raised on direct appeal. However, where unusual circumstances are present that justify the failure to raise the issue on direct appeal, a court may entertain such a claim raised for the first time in the habeas corpus petition. (Citations omitted.)