Daniel D. PADILLA, Plaintiff
and Appellant,

v.

UTAH BOARD OF PARDONS, Tamara
Holden, Warden, Utah Department of
Corrections, Defendants and Appellees.

No. 910036.

Supreme Court of Utah.

Oct. 30, 1991.

Daniel D. Padilla, pro se.

R. Paul Van Dam, C. Dane Nolan, Lorenzo Miller, Salt Lake City, for defendants and appellees.

PER CURIAM:

This matter is before the court on defendants' motion to dismiss on the ground that the appeal is filed in the wrong court. Defendants argue that jurisdiction lies with the Utah Court of Appeals under Utah Code Ann. § 78–2a–3(2)(g). We agree that Utah Code Ann. § 78–2a–3(2)(g), as amended by the legislature in 1990, places jurisdiction of this matter in the Utah Court of Appeals. Accordingly, we transfer rather than dismiss the case to the proper court pursuant to Utah Rule of Appellate Procedure 44.

Padilla was convicted of murder in the second degree, a first degree felony, and is currently serving his sentence at the Utah State Prison. Ordinarily, because he was convicted of a first degree felony, Padilla's appeal would lie in this court under Utah Code Ann. § 78–2–2(3)(i). However, he appeals from the denial of his petition for a writ of habeas corpus in which he claimed only that his due process rights were violated at a hearing before the parole board. The district court dismissed the petition on the state's motion, and Padilla appeals pro se.

Section 78–2a–3(2)(g), as amended 1990, provides:

> (2) The Court of Appeals has appellate jurisdiction ... over:
>
> .    .    .    .    .;
>
> (g) appeals from orders on petitions for extraordinary writs sought by persons who are incarcerated or serving any other criminal sentence, except petitions constituting a challenge to a conviction of or the sentence for a first degree or capital felony.

Because Padilla is not challenging his conviction or sentence, he must appeal the dismissal of his petition to the court of appeals rather than this court. This court has jurisdiction over direct appeals of first degree or capital felony convictions and jurisdiction of appeals in habeas corpus cases where the conviction or sentence is challenged. The court of appeals has jurisdiction of other criminal cases.[1]

The clerk of the court is directed to transfer this matter to the court of appeals and give notice to the parties and to the clerk of the trial court of the transfer pursuant to Utah Rule of Appellate Procedure 44.

---

1. We note that the court of appeals has come to a similar conclusion. *See Northern v. Barnes,* 814 P.2d 1148 (Utah Ct.App.1991).