Newton C. ESTES, Petitioner and Appellant,

v.

Fred VAN DER VEUR, Warden, Central Utah Correctional Facility, Respondent and Appellee.

No. 910613–CA.

Court of Appeals of Utah.

Jan. 27, 1992.

Newton C. Estes, Gunnison, pro se.

R. Paul Van Dam and Lorenzo K. Miller, Salt Lake City, for respondent and appellee.

Before RUSSON, BENCH and GREENWOOD, JJ. (On Law and Motion).

## OPINION

PER CURIAM:

This appeal is before the court on appellee's motion for summary affirmance and on appellant's motion for summary reversal and motion for declaratory judgment. Estes appeals an order dismissing his petition for writ of habeas corpus. We affirm.

On August 6, 1991, Estes filed a petition seeking a writ of habeas corpus in the Sixth Judicial District Court of Sanpete County. Estes named the acting warden of the Central Utah Correctional Facility as the sole defendant. He contended that he was unlawfully incarcerated because the board of pardons had allegedly violated the due process protections guaranteed by the Utah Constitution, based upon the recent Utah Supreme Court case of *Foote v. Board of Pardons*, 808 P.2d 734 (Utah 1991).

Appellee Van Der Veur's only connection to the petition is that he is the acting warden of the Central Utah Correctional Facility, and as warden, Van Der Veur has management control over the inmates housed in that facility. On August 15, 1991, appellee's counsel, the Utah Attorney General's office, filed a motion to dismiss the petition under Rule 12(b)(6), Utah Rules of Civil Procedure, for failure to state a claim for which relief may be granted. Appellee contended that the petition was improperly directed to him because it contained no allegation that appellee personally had violated appellant's constitutional rights. In response, appellant argued that the warden of a correctional facility is the correct party to be named in habeas corpus petitions. In reply, appellee contended that only the board of pardons could release appellant from custody, and the board had not been named as a party and was not required to answer. The trial court dismissed the petition on failure to state a

claim for which relief could be granted against appellee Van Der Veur.

■ Although post conviction proceedings are civil, they are not governed by the general rules of civil procedure, but *specifically* by Rule 65B of the Utah Rules of Civil Procedure.[1] *See Andrews v. Morris*, 607 P.2d 816, 822 (Utah 1980). Appellee contends before this court that appellant cannot proceed under Rule 65B(i) because he is not challenging the proceedings that resulted in his conviction and commitment; therefore, his petition must be considered under the provisions of Rule 65B(f). There is no indication that this argument was considered below, and an examination of the procedural differences in the two subsections is not necessary to our determination of the issues in this appeal. Rule 65B(i)(2), Utah Rules of Civil Procedure, which was in effect when the petition was filed, required that the complaint "shall state that the person seeking relief is illegally restrained of his liberty by the defendant." Similarly, Rule 65B(f)(1) required that a petition "state that the person designated is illegally restrained of his liberty by the defendant." The sole issue before this court is whether the trial court erred in dismissing the petition because it did not name the board of pardons as a respondent. There is no indication in the record before us that the trial court considered the petition on the merits, and we do not assess the merits in this appeal.

■ Appellee contended below, and reiterates on appeal, that the board of pardons was the proper party, not the warden, since the board determines whether the petitioner will obtain an early release or not and the warden has no power to grant the relief requested in the petition. *See* Utah Code Ann. § 77–27–5(1)(a) (Supp.1991). The fundamental nature of habeas corpus actions is to compel the person having physical custody of the prisoner to produce the prisoner to the court to allow examination of the legality of the imprisonment. *See, e.g.*, 39 Am.Jur.2d Habeas Corpus § 25 (1968)

---

1. Rule 65B, Utah Rules of Civil Procedure, was amended effective September 1, 1991. The amendment represents a complete reorganiza-tion of the former rule. *See* advisory committee note, Rule 65B, Utah Rules of Civil Procedure (Supp.1991).

("Custody by the person against whom a petition is directed must be such that he can produce the body of the petitioner at the hearing"). Unlike some states, Utah does not designate by statute or rule the appropriate respondent in a post conviction or habeas corpus proceedings by incarcerated petitioners. *E.g., Blea v. Colorado Board of Parole*, 779 P.2d 1353, 1355 (Colo. 1989) (Colorado statute designated the executive director of the department of corrections or his designee as respondent in all habeas petitions). Appellee argues that the board of pardons is the appropriate respondent in this proceeding under Rule 65B because that is the only entity that can release Estes from his "confinement."

 We conclude that it is necessary to interpret Rule 65B to effectuate the remedy provided in *Foote*, which involves a review of board of pardons actions. Accordingly, we conclude that the board of pardons must be named as a party, along with petitioner's physical custodian, in order to bring the appropriate respondent before the court.[2]

The order dismissing the petition is affirmed based upon our conclusion that the Utah Board of Pardons should have been named as a party. Appellant's motion for release pending consideration of his habeas corpus petition is denied. ∎

All concur.

---

**2.** Amended Rule 65B(c)(7), effective September 1, 1991, contains a provision addressing the issue presented in this case. That provision states, "If the respondent cannot be found, or if it appears that a person other than the respondent has custody of the person alleged to be restrained, the hearing order and any other process issued by the court may be served on the person having custody in the manner and with the same effect as if that person had been named as respondent in the action." We decline to apply the provision retroactively.