982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Dee THOMAS, Plaintiff-Appellant,
v.
David J. ANGERHOFER; Andrew Hunt; Vickie Bridwall; Paul
Larsen; Pete Haun; Michael R. Sibbett; Victoria J.
Palacios; Donald Blanchard; Paul Boyden; James Seweye;
Heather N. Cooke; Paul Sheffield; Enid O. Pino; Dean
Sheffield; Paul Van Dam, Attorney General, Defendants-Appellees.
 No. 92-4072.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1992.
 
 Before JOHN P. MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, an inmate in the Utah prison system, brought this civil rights suit to redress alleged constitutional violations arising out of his efforts to obtain release on parole. He now appeals from a district court order dismissing the action as legally frivolous under 28 U.S.C. § 1915(d).
 
 
 3
 The magistrate judge and district court thoroughly analyzed the various claims asserted in the complaint, and we concur in the court's conclusion that they lack the arguable merit necessary to warrant further proceedings. See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). We add the following comments only to clarify two interrelated points prompting much of the discussion in plaintiff's appellate brief.
 
 
 4
 First, plaintiff emphasizes repeatedly that the Utah Supreme Court held in Foote v. Utah Board of Pardons, 808 P.2d 734 (Utah 1991), that the state constitution, unlike its federal counterpart, grants prisoners due process rights in connection with parole proceedings. Id. at 735; cf. Dock v. Latimer, 729 F.2d 1287, 1289-92 (10th Cir.), cert. denied, 469 U.S. 885 (1984) (no due process rights enforceable in Utah parole context under federal constitutional analysis set out in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979)); Houtz v. Deland, 718 F.Supp. 1497, 1502 (D.Utah 1989) (same result as in Dock after amendment of Utah parole provisions). Second, plaintiff asserts that the absolute immunity rationale employed by the district court to dismiss the constitutional claims asserted against the Board of Pardons (Board) and state Judge Sawaya for failure to comply with or enforce Foote does not reach the injunctive relief sought against these defendants. See Schepp v. Fremont County, 900 F.2d 1448, 1452 (10th Cir.1990) (following Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)). Together these points comprise plaintiff's argument for reinstatement of his claims against these state defendants.
 
 
 5
 While the Foote decision recognizes some level of procedural protections in favor of the inmate seeking parole, it does not impose any limits on the unfettered discretion vested in the Board with respect to its substantive decisionmaking authority. See Northern v. Barnes, 825 P.2d 696, 698-99 (Utah Ct.App.1992); Foote, 808 P.2d at 735. Thus, Foote notwithstanding, plaintiff has no federal constitutionally cognizable interest in the Board's determination of his parole status. See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1116-19 (10th Cir.1991) (state procedural protections do not create interests implicating due process rights unless they place substantive limits on discretionary authority of decisionmaker); Campbell v. Mercer, 926 F.2d 990, 993 (10th Cir.1991) (same); West Farms Assocs. v. State Traffic Comm'n, 951 F.2d 469, 472 (2d Cir.1991) ("the Due Process Clause does not protect against the deprivation of state procedural rights"), cert. denied, 112 S.Ct. 1671 (1992). Plaintiff's claims based on Foote raise at most the possible violation of state law, and consequently lack the constitutional foundation for a civil rights violation. See Oberndorf v. City & County of Denver, 900 F.2d 1434, 1442 (10th Cir.), cert. denied, 111 S.Ct. 129 (1990); cf. Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979) (state procedural errors do not present federal questions cognizable on habeas corpus), cert. denied, 444 U.S. 1047 (1980). Furthermore, these claims constitute, in essence, a challenge to the merits of the state court decision approving the procedures followed by the Board in plaintiff's case and, as such, seek a species of appellate review that is beyond the jurisdiction of the federal district court and this court. See Facio v. Jones, 929 F.2d 541, 543 (10th Cir.1991); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986); Doe v. Pringle, 550 F.2d 596, 599 (10th Cir.1976), cert. denied, 431 U.S. 916 (1977). Consequently, the limited scope of defendants' absolute immunity defense does not avail plaintiff, as he cannot, even with the aid of the Foote decision, assert an arguable claim necessitating invocation of the defense.
 
 
 6
 For the reasons set out above, and those expressed by the district court, the judgment of the United States District Court for the District of Utah is AFFIRMED. Pending motions are denied, and the mandate shall issue forthwith.
 
 
 7
 DALE E. SAFFELS, Senior District Judge, concurring.
 
 
 8
 I concur in the result reached by the majority based on the applicable standard of appellate review for dismissals under 28 U.S.C. § 1915(d). The Supreme Court has recently noted that a § 1915(d) dismissal is entrusted to the discretion of the court entertaining the in forma pauperis petition. See Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). On appeal, a § 1915(d) dismissal is to be reviewed for an abuse of that discretion. Id. In Neitzke v. Williams, 490 U.S. 319 (1988), the Supreme Court espoused the standard to be applied by the district courts for § 1915(d) dismissals on the basis of legal frivolousness. I cannot join the majority in concurring with the decision below that none of appellant's claims against the 15 named defendants had sufficient legal merit to warrant further proceedings. See Olson v. Hart, 965 F.2d 940, 942 n. 3, 943 (10th Cir.1992) (allegations of complaint held sufficient to withstand dismissal under § 1915(d) as legally frivolous); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991) (concern that pro se litigants have notice and opportunity to avoid dismissal of legitimate claims by amending and supporting their pleadings militates against equating § 1915(d) standards with those for Rule 12(b)(6) dismissal and Rule 56 summary judgment). Nevertheless, I cannot say that the district court abused its discretion in dismissing the complaint as legally frivolous. I therefore concur in the result reached by the majority.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3