Robert D. PREECE, Petitioner
and Appellee,

v.

Tom HOUSE, et al., Respondents
and Appellants.

No. 920726–CA.

Court of Appeals of Utah.

Feb. 17, 1993.

Jan Graham, State Atty. Gen., James H. Beadles and Lorenzo K. Miller (argued), Asst. Attys. Gen., Salt Lake City, for respondents and appellants.

Robert D. Preece, pro se.

Before JACKSON, BENCH, and GARFF, JJ. (Law and Motion).

OPINION

PER CURIAM:

This case is before the court on respondents' motion for a stay pending appeal of an order granting a petition for writ of habeas corpus and ordering the release of petitioner Robert D. Preece forthwith. In addition to opposing the stay, petitioner has moved this court for summary disposition of the appeal. In the interest of expediting a decision in this case, we deem it appropriate to address the merits of the appeal at this time. *See* Rule 2, Utah Rules of Appellate Procedure. We reverse the order of the district court, in part, and remand for further proceedings consistent with this decision.

The complaint filed by petitioner in the district court challenged the determination of his parole date by the Board of Pardons. The order of the trial court recites that the Board applied an internal guideline of 147

months in determining petitioner's release date of October 10, 1994. The Board subsequently learned that the actual guideline for the offenses was 111 months. Under that guideline, petitioner would have been entitled to release on parole on October 10, 1991. The district court continued proceedings on the petition to allow the Board "to correct the error or explain their reasons for deviating from the guidelines." The Board held a special attention hearing and reaffirmed the release date at 147 months for October 10, 1994, without providing any written explanation for its decision, as required by its own internal rules. *See* R671–305–2, Utah Administrative Code (1992).

Based upon the preceding facts, the trial court granted the petition and ordered petitioner's release "forthwith," stating:

> This court finds that under the circumstance of the error made as to the guidelines discussed with Petitioner that the Petitioner is entitled to an explanation of the error which the Board refuses to do. Further, due process requires fair process and a Petitioner is entitled to an explanation of why the error should be ignored and the longer term served. It is cruel and unusual punishment to do otherwise. The Petitioner has been denied due process and is being treated to cruel and unusual punishment when no correction or explanation is given as to the mistake and as to the time to be served by the Petitioner.

Respondents contend that the trial court exceeded its authority in ordering the release of the petitioner as a remedy for the due process violation found by the court, and that the court should have proceeded in accordance with Rule 65B(e), Utah Rules of Civil Procedure. Rule 65B(e)(2)(B) provides that relief may be granted "where an inferior court, administrative agency, corporation or person has failed to perform an act required by law as a duty of office, trust or station." Respondents, accordingly, contend that the petition is not a proper petition for "wrongful imprisonment" under Rule 65B(b) because it is not a challenge to the validity of the original commitment, and because petitioner is serving a valid

sentence that has not been set aside on by any court on appeal or otherwise.

Although we agree that the petitioner was entitled to a written explanation of the parole determination following the special attention hearing, we hold that the district court exceeded its authority in ordering the unconditional release of petitioner based upon the failure of the Board to comply with the prior orders of the court and its own procedural rules. Under our indeterminate sentencing system, the authority to determine parole dates is vested in the Board of Pardons. *See Foote v. Board of Pardons*, 808 P.2d 734 (Utah 1991). While parole decisions are subject to habeas corpus review under *Foote*, this court has previously held that the scope of review is limited to a review of procedural due process and does not extend authority for judicial review of the "reasonableness of the parole decision", which is not subject to judicial review under Utah Code Ann. § 77–27–5(3) (Supp.1992). *Northern v. Barnes*, 825 P.2d 696, 699 (Utah App.1992). We conclude that the appropriate remedy for the procedural due process violation found by the district court in this case is to require the Board expeditiously to provide the district court and petitioner with a written explanation of its reasons for the parole decision. *See also* R671–305–2, Utah Administrative Code (1992). To the extent that the district court's ruling is based upon a determination that the Board's guidelines are mandatory, that conclusion is an incorrect statement of the law under *Hall v. Board of Pardons*, 806 P.2d 217, 218 (Utah App.1991).

The order of the district court is reversed insofar as it provides for unconditional release of petitioner from the custody of the Department of Corrections. The case is remanded to the district court with instructions to treat the petition under Rule 65B(e).