David A. NEEL, Petitioner
and Appellant,

v.

Tamara HOLDEN, Warden, Utah State
Prison, and the Department of Correc-
tions by and through the Board of Par-
dons, Respondents and Appellees.

No. 920130–CA.

Court of Appeals of Utah.

March 8, 1993.

Gregory J. Sanders (argued), Kipp &
Christian, P.C., Salt Lake City, for petition-
er and appellant.

Jan Graham, State Atty. Gen., Lorenzo
K. Miller (argued), Asst. Atty. Gen., Salt
Lake City, for respondents and appellees.

Before Judges GREENWOOD,
JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

Appellant, David Neel, appeals the dis-
missal of his writ of habeas corpus alleging
that the manner in which his July 26, 1991
parole hearing was conducted violated his
state and federal due process rights. We
remand.

## FACTS

Appellant was convicted of a first degree
felony and on November 18, 1983, was sen-
tenced to serve five years to life in the
Utah State Prison. On February 27, 1991,
the Utah Board of Pardons paroled the
appellant to a halfway house. Appellant
violated his parole on April 6, 1991. The
Board of Pardons held a parole revocation
hearing on July 18, 1990. At that hearing,
appellant admitted the parole violation and
the Board revoked appellant's parole. The
Board set February 1991 for appellant's
next parole hearing. That hearing was
delayed until July 1991 because a required
alienist report had not yet been completed.

The Board denied appellant parole and set the next parole hearing date for August 1992.

On October 16, 1991, appellant filed a Complaint for Extraordinary Writ seeking habeas corpus relief. The district court granted the State's motion to dismiss the complaint.

## ISSUE

Did the Board of Pardons' procedures and regulations deny appellant's right to state and federal due process at the July 1991 parole hearing?

## STANDARD OF REVIEW

When reviewing an appeal from a dismissal of a habeas corpus petition, "we survey the record in the light most favorable to the *findings and judgment;* and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Medina v. Cook,* 779 P.2d 658, 658 (Utah 1989) (emphasis added).

## ANALYSIS

■ For appellant to succeed on his due process claim under the United States Constitution, he must first show he was denied a constitutionally protected liberty interest. *See Gray v. Department of Emp. Sec.,* 681 P.2d 807, 816 (Utah 1984). The presence of a parole system does not, by itself, "give rise to a constitutionally protected liberty interest in parole release." *Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 2418, 96 L.Ed.2d 303 (1987). For a liberty interest to arise, there must first be statutory language limiting the parole board's discretion. *Hatch v. Deland,* 790 P.2d 49, 50–51 (Utah App.1990). Utah's parole statute contains no such limitations. *Id.* at 51; Utah Code Ann. § 77–27–9(1) (Supp.1992).

■ Under the Utah Constitution, the due process clause of article I, section 7 is "comprehensive in its application to all activities of state government." *Foote v. Utah Bd. of Pardons,* 808 P.2d 734, 735 (Utah 1991). What process is due in any given circumstance may vary, "but assuredly, the parole board is not outside the constitutional mandate that the actions of government must afford due process of law." *Id.* (footnote omitted). The process due at a board of pardons hearing can only be determined "after the facts concerning the procedures followed by the board are flushed [sic] out." *Foote,* 808 P.2d at 735.

■ The record consists only of a complaint for habeas corpus relief and memoranda in support of and in opposition to a motion to dismiss. There is nothing in the record showing what transpired at appellant's hearings before the parole board or the trial court. Moreover, the trial court summarily dismissed his petition without entering any findings or stating the legal basis for its judgement. The record does not reveal any basis for a habeas corpus determination. "[I]n the absence of an adequate record, this court is unable to conduct a meaningful review of the board's actions or of [appellant's] due process claims." *Id.*

Accordingly, we remand to the district court for a hearing to develop the record and for entry of findings in support of its determination.

GREENWOOD and RUSSON, JJ., concur.