Robert D. PREECE, Plaintiff
and Petitioner,

v.

Tom HOUSE, Warden of the Utah State
Prison; Pete Haun, Chairman of the
Utah Board of Pardons; Heather Cooke,
Member of the Utah Board of Pardons,
and other individual members of the
Utah Board of Pardons both past and
present whose identities are presently
unknown, Defendants and Respondents.

No. 920605.

Supreme Court of Utah.

Nov. 23, 1994.

Craig S. Cook, Salt Lake City, for plaintiff.

R. Paul Van Dam, Atty. Gen., James H. Beadles, Asst. Atty. Gen., Salt Lake City, for defendants.

J. Thomas Bowen, Salt Lake City, for Utah State Prison Inmates.

HOWE, Justice:

We granted certiorari to review the decision of the court of appeals in *Preece v. House,* 848 P.2d 163 (Utah Ct.App.1993), *cert. granted,* 853 P.2d 897 (Utah 1993).

In July 1982, Robert D. Preece pleaded guilty to two counts of aggravated robbery, a first degree felony, and was sentenced to two five-to-life terms of imprisonment. Approximately one year after his incarceration, he stabbed and killed an inmate to whom he owed money. He pleaded guilty to manslaughter and was sentenced to an additional term of one to fifteen years to run concurrently with his other sentences.

Eight years later, Preece attended a parole grant hearing conducted by Heather Cooke, a member of the Utah Board of Pardons. She informed him that under the Utah Sentence and Release Guidelines, Utah Court Rules Ann. app. D (1994), he should be incarcerated for "147 months, which would mean no release until October 1994." However, she indicated that she planned to "go below [the] guideline" and recommend to the board that he be released on May 11, 1993. Four days later, the full board rejected Cooke's recommendation and ordered that Preece not be paroled until October 11, 1994, the parole date which the board thought was consistent with the guidelines.

In May 1992, Preece filed this petition for extraordinary relief in third district court under rule 65B of the Utah Rules of Civil Procedure. It listed as defendants Tom House, Warden of the Utah State Prison, Pete Haun, Chairman of the Utah Board of Pardons, Heather Cooke, and other "[i]ndividual members of the Utah State Board of Pardons both past and present whose identities are presently unknown." He alleged that (1) Cooke was not impartial, (2) the board had considered a disciplinary report that was supposed to have been expunged from his prison file, (3) the board violated his procedural and substantive due process rights by not allowing him to "know what information was being submitted or relied upon" during his parole hearings, (4) the Utah sentencing guidelines create an "expectation of release" or liberty interest entitled to due process protection, and (5) due pro-

cess requires the board to give an explanation for its decision to depart from the sentencing guidelines.

Sometime during the summer of 1992, Assistant Attorney General Steven Morrisett discovered that the board of pardons' staff had in fact miscalculated the length of Preece's incarceration under the guidelines at 147 months (12½ years). The correct time period was 111 months (9½ years). Morrisett disclosed this error to the district court and indicated that the board was likely to grant Preece a rehearing. On the basis of this information, the court continued the case to "let the Board of Pardons decide what they want to do in terms of taking their own action first."

In September 1992, Preece appeared before Don Blanchard, a member of the board of pardons, for a special attention hearing. Blanchard took the case under advisement for approximately 2 weeks, after which the full board rendered its decision to retain the October 1994 parole date. Preece amended his complaint, arguing that his original allegations against the board applied to the special attention hearing.

The district court granted the writ of habeas corpus and ordered that Preece be "released from the Utah State Prison forthwith." The court stated:

> [U]nder the circumstance of the error made as to the guidelines discussed with Petitioner ... the Petitioner is entitled to an explanation of the error which the Board refuses to do. Further, due process requires fair process and a Petitioner is entitled to an explanation of why the error should be ignored and the longer term served. It is cruel and unusual punishment to do otherwise. The Petitioner has been denied due process and is being treated to cruel and unusual punishment when no correction or explanation is given

as to the mistake and as to the time to be served by the Petitioner.

The court of appeals granted defendants' ex parte motion for stay pending appeal.

After hearing argument, the court of appeals rendered a per curiam decision. *Preece v. House,* 848 P.2d 163 (Utah Ct.App. 1993). It reversed the district court's order of release, holding that "the authority to determine parole dates is vested in the Board of Pardons" and that habeas review of parole decisions is "limited to a review of procedural due process and does not extend authority for judicial review of the 'reasonableness of the parole decision.'" *Id.* at 164. The court further held that the board had violated its own rules by not providing a written explanation for its decision to retain the October 1994 date. Utah Admin.R. 671–305–2 (1992). However, it ruled that the "appropriate remedy" for this violation was "to require the Board expeditiously to provide the district court and petitioner with a written explanation of its reasons for the parole decision." *Preece,* 848 P.2d at 164. Finally, the court remanded the case, ordering the district court to treat it under Utah Rule of Civil Procedure 65B(e). *Id.*

We granted Preece's petition for a writ of certiorari. *Preece v. House,* 853 P.2d 897 (Utah 1993). A few days later, defendants filed a motion to vacate the opinion of the court of appeals and to consider the case as an original direct appeal from the district court transferred here pursuant to rule 44 of the Utah Rules of Appellate Procedure. After hearing argument, we denied the motion but directed that the question of jurisdiction be briefed and argued in this appeal.

█ We first address the jurisdictional issue. Prior to April 1992, appeals from orders on petitions for extraordinary writ sought by persons who were incarcerated or serving any other criminal sentence were governed by Utah Code Ann. § 78–2a–3(2)(g).[1] That subsection provided that such

---

1. That subsection provides:

(2) The Court of Appeals has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

. . . . .

(g) appeals from orders on petitions for extraordinary writs sought by persons who are

incarcerated or serving any other criminal sentence, except petitions constituting a challenge to a conviction of or the sentence for a first degree or capital felony.

appeals should be taken to the court of appeals except when the petition challenged the conviction of or the sentence for a first degree or capital felony, in which case the appeal would be heard by this court pursuant to section 78–2–2(3)(j). Accordingly, we held in *Padilla v. Utah Board of Pardons*, 820 P.2d 473, 473 (Utah 1991), that a petitioner who had been convicted of a first degree felony and who alleged that the board of pardons had violated his rights to due process but who did not challenge his conviction or sentence must appeal the denial of his petition to the court of appeals rather than to this court.

However, in April 1992, section 78–2a–3 was amended by the addition of subsection 2(h) to specifically deal with appeals from orders on petitions for extraordinary writ challenging decisions of the board of pardons. That subsection provides:

> (2) The Court of Appeals has appellate jurisdiction, including jurisdiction of interlocutory appeals, over:

> .  .  .  .  .

> (h) appeals from the orders on petitions for extraordinary writs challenging the decisions of the Board of Pardons, except in cases involving a first degree or capital felony.

Thus, under subsection 2(h) such appeals shall be heard by the court of appeals "except in cases involving a first degree or capital felony," in which case, again, the appeal would be heard by this court pursuant to section 78–2–2(3)(j).

We believe that subsection 2(h) must be interpreted in light of subsection 2(g) and that it is the intent of 2(h) that the court of appeals hear appeals from orders on petitions for extraordinary writ challenging decisions of the board of pardons except when the petition additionally challenges the conviction of or sentence for a first degree felony or a capital felony. In that instance, the appeal is to be heard by this court.

In the instant case, Preece, in his petition, challenged a decision of the board of pardons made at his original parole grant hearing that fixed the length of his prison stay. We held in *Labrum v. Utah State Board of Pardons*, 870 P.2d 902, 911–12 (Utah 1993), that the determination made by the board of pardons at an original parole grant hearing as to the time to be served by a prison inmate is inherently a sentencing function. *See also Foote v. Utah Bd. of Pardons*, 808 P.2d 734 (Utah 1991) (board of pardons performs function analogous to that of trial judge in jurisdictions that have determinate sentencing scheme). Thus, Preece, on this appeal, is challenging a decision of the board of pardons and his sentence for two first degree felonies. Accordingly, his appeal lies with this court, not with the court of appeals. We therefore vacate the opinion of the court of appeals and consider this case as an original direct appeal from the district court transferred here from the court of appeals pursuant to rule 44 of the Utah Rules of Appellate Procedure.

Having determined the grounds upon which this court has jurisdiction, we now turn to the merits of the petition. The district court ordered Preece "released from the Utah State Prison forthwith" on the ground that the board refused to correct or explain its decision to retain a release date which had been miscalculated under the Utah sentencing guidelines. Preece contends that the sentencing guidelines create a liberty interest or an "expectation of release" subject to protection under the state due process clause. Utah Const. art. I, § 7. He argues that the board must "give specific and detailed reasoning" justifying a decision to impose a release date that is inconsistent with the guidelines.

The state sentencing guidelines used by the board of pardons do not have the force and effect of law. *Labrum*, 870 P.2d at 908. Consequently, any "expectation of release" derived from the guidelines is at best tenuous. However, we need not decide whether the state due process clause requires the board to explain decisions which do not conform to the guidelines. The board's own rules require that an "explanation of the reasons for [a] decision [be] given and supported in writing." Utah Admin.R. 671–305–2 (1992). When the board failed to comply with this rule, Preece appropriately sought extraordinary relief. Utah R.Civ.P.

65B(e)(2)(B) (person can petition court for extraordinary relief "where an inferior court, administrative agency, corporation or person has failed to perform an act required by law as a duty of office, trust or station").

■ However, the district court exceeded its authority when it ordered Preece "released ... forthwith." In our indeterminate sentencing scheme, the board of pardons acts as a sentencing entity, having exclusive authority to "determine[ ] the actual number of years a defendant is to serve." *Labrum,* 870 P.2d at 907 (citing *Foote,* 808 P.2d at 735). Moreover, not every circumstance that gives rise to extraordinary relief compels the immediate release of a petitioner from every aspect of physical imprisonment. *See Wickham v. Fisher,* 629 P.2d 896, 900 (Utah 1981) (holding that remedy for unlawful condition of confinement is " 'elimination of that specific condition of physical imprisonment,' " not " 'release from every aspect of physical imprisonment' " (quoting *Cravatt v. Thomas,* 399 F.Supp. 956, 962–63 (W.D.Wis.1975))); *accord Termunde v. Cooke,* 786 P.2d 1341, 1342 (Utah 1990).

■ Thus, the appropriate remedy in this case was to order the board to comply with its rules by giving Preece a written explanation for its decision to retain the October 1994 parole date. However, this relief " 'can no longer affect the rights of the litigants' " because the board gave Preece a written explanation for its decision during the pendency of this appeal. *State v. Davis,* 721 P.2d 894, 895 (Utah 1986) (quoting *Spain v. Stewart,* 639 P.2d 166, 168 (Utah 1981)). Therefore, this aspect of the petition is moot.

■ Preece also argues that the board of pardons arbitrarily and capriciously chose to exceed his guideline term by 36 months. He contends that article I, section 7 of the Utah Constitution requires judicial review of this decision. We disagree. Utah Code Ann. § 77–27–5(3) (Supp.1994) provides, "Decisions of the Board of Pardons in cases involving paroles, pardons, commutations or terminations of sentence, restitution, or remission of fines or forfeitures are final and are not subject to judicial review." This statute does not preclude judicial review of

such decisions by way of extraordinary writ. *Foote,* 808 P.2d at 735. However, our review is limited to the *"process* by which the Board undertakes its sentencing function." *Lancaster v. Utah Bd. of Pardons,* 869 P.2d 945, 947 (Utah 1994). "[W]e do not sit as a panel of review on the result, absent some other constitutional claim." *Id.* Furthermore, so long as the period of incarceration decided upon by the board of pardons falls within an inmate's applicable indeterminate range, e.g., five years to life, then that decision, absent unusual circumstances, cannot be arbitrary and capricious.

■ Finally, as explained above, Preece contends that the board violated his procedural and substantive due process rights by not allowing him to "know what information was being submitted or relied upon" during his parole hearings. In *Labrum,* 870 P.2d at 909, we determined that state due process "requires that the inmate know what information the Board will be considering at the [original parole grant] hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *See* Utah Const. art. I, § 7. We further held that this rule applied "to any inmate who currently ha[d] a claim pending in the district court or on appeal before this court or the court of appeals challenging original parole grant hearing procedures on due process grounds." *Labrum,* 870 P.2d at 914. In oral argument, defendants conceded that the board violated Preece's due process rights as defined in *Labrum* and that his petition for extraordinary relief on this ground was pending at the time *Labrum* was decided. Therefore, Preece is entitled to a new hearing before the board.

The unconditional order of release entered by the district court is reversed. The case is remanded to the district court for a disposition consistent with this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur.