Thayne Larry WALKER, Petitioner and Appellee,

v.

STATE of Utah, DEPARTMENT OF CORRECTIONS; Scott Carver, Utah Board of Pardons; Mike Sibbett and Board Members Thereof, Respondents and Appellants.

No. 940140–CA.

Court of Appeals of Utah.

Aug. 24, 1995.

James H. Beadles and Jan Graham, Salt Lake City, for appellants.

Rosemond G. Blakelock, Provo, for appellee.

Before BENCH, JACKSON and WILKINS, JJ.

BENCH, Judge:

The State of Utah appeals the trial court's order granting Walker's petition for extraordinary relief. We reverse.

### FACTS

Thayne Larry Walker was imprisoned in the early 1980s for the felonies of robbery and possession of a dangerous weapon by a restricted person. Walker's sentence for these crimes will not expire until November 2010. On July 25, 1989, Walker was paroled from prison. In August 1989, he was arrested for aggravated robbery.

A jury convicted Walker of aggravated robbery. Walker appealed his conviction to the Utah Supreme Court. While his appeal was pending, Walker admitted at a Board of Pardons hearing to three violations of his parole: (1) failure to reside at his listed address; (2) conviction for aggravated robbery; and (3) having been convicted as a habitual criminal. Based on these admissions, the Board of Pardons revoked Walker's parole. By unpublished order, the Utah Supreme Court subsequently reversed Walker's aggravated robbery conviction and ordered a new trial because suggestive identification procedures cast doubt on the eyewitness testimony. On remand, the trial court dismissed the charge because the State was unprepared to proceed with a retrial.

In light of the dismissal of the criminal charge, the Board held a new parole revocation hearing. At this hearing, Walker denied that he had committed aggravated robbery, but again admitted to having failed to reside at his listed address. The Board reviewed portions of the original criminal trial transcripts, examined evidence, and questioned witnesses. Walker submitted to the Board an affidavit of a witness who had testified at the first trial. The affidavit recanted damaging testimony that this witness had initially given. After reviewing all the evidence presented at the hearing, the Board found, by a preponderance of the evidence, that Walker had violated his parole by committing the offense of aggravated robbery and by failing to reside at his listed address. The Board revoked Walker's parole and scheduled a date to review whether he should be given another parole date.

Walker petitioned for an extraordinary writ under Rule 65(b)(1) of the Utah Rules of Civil Procedure, claiming that the Board violated his due process rights because it lacked sufficient evidence to find that he had committed aggravated robbery. Walker attached to his petition the transcripts from the Board's revocation hearing. The transcripts from the original trial, which were before the Board at its hearing, were not submitted with his petition to the trial court. The trial court reviewed the evidence provided with the petition and concluded that the Board of Pardons lacked sufficient evidence to find that Walker had committed the offense of aggravated robbery. The trial court granted Walker's petition for extraordinary relief and ordered the Board to review its parole revocation decision without considering the aggravated robbery charge. The State now appeals the trial court's grant of extraordinary relief to Walker.

### ANALYSIS

■ The State argues that the trial court erred by reweighing the evidence before the Board and substituting its judgment for that

of the Board. Historically, the decisions of the Board are accorded great deference. "The plenary authority of the Board of Pardons should not be disturbed in the absence of a clear abuse of its rightful discretion." *Ward v. Smith*, 573 P.2d 781, 782 (Utah 1978). Judicial review of the Board's action is limited by statute: "Decisions of the Board of Pardons in cases involving paroles, pardons, commutations or terminations of sentence, restitution, or remission of fines or forfeitures are final and are not subject to judicial review." Utah Code Ann. § 77–27–5(3) (1995).

■ However, there is a narrow exception which allows for judicial review of certain Board actions. In *Foote v. Utah Board of Pardons*, 808 P.2d 734 (Utah 1991), the Utah Supreme Court explained that the judiciary had inherent authority in a habeas corpus review of the Board's actions to assure that a defendant was not denied procedural due process. In *Foote*, a prisoner petitioned for an extraordinary writ, claiming that the manner in which his parole hearings were conducted deprived him of due process. *Id.* The supreme court held that the Utah Constitution requires procedural due process protection for prisoners at Board hearings. *Id.* at 735. Thus, in *Foote*, the supreme court limited judicial review of the Board's proceedings to alleged procedural due process violations.

It has been suggested that *Labrum v. Utah State Board of Pardons*, 870 P.2d 902 (Utah 1993) and *Preece v. House*, 886 P.2d 508 (Utah 1994) may have further extended judicial review of Board decisions. These cases, however, are not inconsistent with *Foote*.

Labrum involved an inmate who had petitioned for an extraordinary writ to force the Board of Pardons to disclose its file on him (or a summary of its contents), and to afford him the opportunity to rebut any misinformation in the file at his hearing. *Labrum*, 870 P.2d at 903. The Utah Supreme Court held that, in original parole grant hearings, state constitutional due process "requires that the inmate know what information the Board will be considering at the hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *Id.* at 909. The supreme court emphasized that this opinion dealt only with judicial review of the Board's procedures at the original parole grant hearings, not with parole revocation or disciplinary proceedings. *Id.* at 908.

In *Preece,* a prisoner petitioned for a writ of habeas corpus because he was denied a written explanation by the Board for its decision determining his parole date. The Board had failed to follow its own administrative rules by not providing the prisoner a written explanation of its decision. The supreme court held that this violated the prisoner's rights to procedural due process, as required by *Labrum* and *Foote*, and that he was therefore entitled to a new hearing. *Preece,* 886 P.2d at 512.

■ Judicial review, pursuant to a petition for extraordinary writ, is confined to the "*process* by which the Board undertakes its sentencing function ... but we do not sit as a panel of review on the result, absent some other constitutional claim." *Lancaster v. Utah Bd. of Pardons*, 869 P.2d 945, 947 (Utah 1994). It is within the discretion of the Board to weigh all the evidence before it in deciding whether to revoke parole.

> The Board's right to rely on any factors known ... or later adduced at the ... hearing, and the weight to be afforded such factors ... are all matters within the discretion of the Board. They are precisely the kinds of issues that are not subject to judicial review under section 77–27–5(3).

*Northern v. Barnes,* 825 P.2d 696, 699 (Utah App.1992), *aff'd,* 870 P.2d 914 (Utah 1993). Judicial review by the trial court is therefore limited to procedural due process violations committed by the Board, *Foote,* 808 P.2d at 735, or a clear abuse of the Board's discretion, *Ward,* 573 P.2d at 782.

In the present case, the trial court overstepped its authority when it did not defer to the Board's findings and proceeded to reweigh the evidence the Board had relied upon at the revocation hearing. The Board's decision to revoke parole was supported by evidence. Therefore, the Board did not

abuse its discretion when it revoked Walker's parole.

## CONCLUSION

The Board's decision to revoke Walker's parole was within its discretionary authority, and was not subject to judicial review. Accordingly, the trial court's grant of the extraordinary writ is reversed.

JACKSON and WILKINS, JJ., concur.