2014 UT App 61

**Guido ALVILLAR, Petitioner and Appellant,**

v.

**BOARD OF PARDONS AND PAROLE, Respondent and Appellee.**

No. 20131041–CA.

Court of Appeals of Utah.

March 20, 2014.

Guido Alvillar, Appellant Pro Se.

Sean D. Reyes, Salt Lake City, Amanda N. Montague, and Bridget K. Romano, Salt Lake City, for Appellee.

Before Judges GREGORY K. ORME, CAROLYN B. McHUGH, and STEPHEN L. ROTH.[1]

Decision

**PER CURIAM:**

¶ 1 Petitioner Guido Alvillar appeals the district court's order granting the Board of Pardons and Parole's (the Board) motion for summary judgment, which denied Alvillar's petition seeking extraordinary relief. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 In April 2012, Alvillar was sentenced to three concurrent indeterminate terms of zero to five years in prison on his convictions of one count of unlawful acquisition, possession, or transfer of a financial transaction card and two counts of theft by deception, all third degree felonies. In July 2012, Alvillar appeared before a hearing officer of the Board for his original parole grant hearing. On August 2, 2012, the Board entered its decision that Alvillar would not be granted parole and should serve the maximum five-year sentence. Alvillar challenged the Board's decision in a petition seeking extraordinary relief. The district court granted summary judgment in favor of the Board. Alvillar appeals.

¶ 3 On appeal, Alvillar claims that (1) he was resentenced by the Board without a full hearing, (2) the Board denied him due process by relying on documents that were not disclosed to him, and (3) the Board improperly relied upon his personal characteristics in reaching its decision. While the district court imposes an indeterminate term prescribed for an offense, the Board has the authority to determine the actual number of years to be served. *See Preece v. House*, 886 P.2d 508, 512 (Utah 1994). The Board's decisions on parole "are final and are not subject to judicial review." *See* Utah Code Ann. § 77-27-5(3) (LexisNexis 2012) (stating that decisions on "paroles, pardons, commutations or terminations of sentence, restitution, or remission of fines or forfeitures are final and are not subject to judicial review"). Judicial review is therefore limited to "the fairness of the process by which the Board undertakes its sentencing function" and does not include review of the result. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994).

---

1. Judge Carolyn B. McHugh participated in and voted on this case as a member of the Utah Court of Appeals. She resigned from the court before this decision issued.

 ¶ 4 Alvillar appeared before a hearing officer for his original parole grant hearing, after which the hearing officer made a recommendation to the Board. *See* Utah Admin. Code R671–301–1(A) (allowing the Board's designee to preside over hearings). Based upon alleged comments by the hearing officer to the effect that she did not "see recommending over the guidelines," Alvillar claimed that the Board's subsequent decision that he should serve his full term of five years in prison constituted "resentencing" without a hearing before the full Board. However, it was the district court that sentenced Alvillar to serve concurrent terms of zero to five years. The Board's decision that Alvillar would serve the maximum five-year term was not a resentencing. Instead, it reflected the Board's determination, through the exercise of its statutory authority and discretion, of the time that Alvillar would actually serve on his prison sentence. Because the term set by the Board was within the applicable indeterminate range for his convictions, "that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Monson v. Carver*, 928 P.2d 1017, 1023 (Utah 1996). The district court also correctly rejected Alvillar's related claim that the Board was required to apply the sentencing matrix guideline of twenty months. The sentencing guidelines used by the Board "do not have the force and effect of law" and "any expectation of release derived from the guidelines is at best tenuous." *Preece*, 886 P.2d at 511 (citation & internal quotation marks omitted).

 ¶ 5 Alvillar next claims that the district court erred in rejecting his claim that the Board denied him due process by failing to disclose his entire file. *Labrum v. Board of Pardons*, 870 P.2d 902 (Utah 1993) requires that an inmate "know what information the Board will be considering at the hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *Id.* at 909. However, "[w]here confidentiality of sources is absolutely required, the Board may of course take suitable steps to withhold the identity of sources and prepare summaries of the information for the inmate's use rather than providing copies of the actual documents." *Id.* at 910. In support of its motion for summary judgment, the Board provided an affidavit acknowledging that Alvillar's file contained some documents that were withheld because of safety and security concerns and that Alvillar was provided a summary of each of those documents. The affidavit also stated that the hearing officer's recommendation to the entire Board—which was obviously prepared after the hearing—was not provided to Alvillar based upon Utah Code section 63G–2–305 of the Government Records and Access Management Act. *See* Utah Code Ann. § 63G–2–305(34) (LexisNexis Supp. 2013) (stating that memoranda prepared by staff for use by a member of the Board of Pardons and Parole are protected). Alvillar's claim before this court is simply that he was not provided all documents in his file. Contrary to his assertion, this claim does not in itself establish a material issue of fact precluding summary judgment. The Board described the basis for withholding some documents and the fact that summaries of sensitive materials were provided to Alvillar. However, Alvillar did not establish that, given those undisputed facts, he could demonstrate that the procedure for disclosure used by the Board constitutes a denial of procedural due process.

 ¶ 6 Alvillar's final claim before the district court was that the Board improperly relied upon his personal characteristics in making its parole decision. This claim was correctly rejected because the Board may consider and weigh any factors that it deems relevant to its determination of whether or not an inmate will be afforded parole, which is "precisely the kind of issue [that is] not subject to judicial review." *Northern v. Barnes*, 825 P.2d 696, 699 (Utah Ct.App. 1992).

¶ 7 Accordingly, we affirm.