**2015 UT App 188**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JEREMY FLYGARE,
Appellant.

Memorandum Decision
No. 20140741-CA
Filed August 6, 2015

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 011401178

Stephen W. Whiting and David N. Jardine, Attorneys
for Appellant

Sean D. Reyes and Brent A. Burnett, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

DAVIS, Judge:

¶1     Jeremy Flygare appeals from the district court's denial of
his motion for satisfaction of judgment based on his argument
that a restitution judgment entered against him in 2005 had
expired under the applicable eight-year statute of limitations.
We affirm.

¶2     Flygare argues that the district court denied his motion
based on an incorrect interpretation of the applicable statutes.
"We review questions of statutory interpretation for correctness,
affording no deference to the district court's legal conclusions."
*State v. Gallegos*, 2007 UT 81, ¶ 8, 171 P.3d 426. "Under our rules

of statutory construction, we look first to the statute's plain language to determine its meaning." *Id.* ¶ 12 (citation and internal quotation marks omitted). "We analyze the language of a statutory provision in light of other provisions within the same statute or act, and we attempt to harmonize the provisions in accordance with the legislative intent so as to give meaning to each provision." *Grynberg v. Questar Pipeline Co.*, 2003 UT 8, ¶ 28, 70 P.3d 1 (citation and internal quotation marks omitted).

¶3     The Utah Code provides, "Judgments shall continue for eight years from the date of entry in a court unless previously satisfied or unless enforcement of the judgment is stayed in accordance with law." Utah Code Ann. § 78B-5-202(1) (LexisNexis Supp. 2014); *see also id.* § 78B-2-311 (2012) (providing an eight-year statute of limitations for actions upon a judgment). The Utah Criminal Code requires "each judgment of conviction that orders the payment of restitution to a victim" to be recorded "in the registry of civil judgments, listing the victim . . . as the judgment creditor," and indicates that "[t]he victim is responsible for timely renewal of the judgment under Section 78B-5-202." *Id.* § 77-18-6(1)(b)(i), (v) (Supp. 2014) (the Renewal Provision). However, the Crime Victims Restitution Act states,

> Notwithstanding [the Renewal Provision,] and [the eight-year statute of limitations provisions], a judgment ordering restitution when entered on the civil judgment docket shall have the same [e]ffect and is subject to the same rules as a judgment in a civil action and expires only upon payment in full, which includes applicable interest, collection fees, and attorney fees.

*Id.* § 77-38a-401(4) (2012) (the Exemption Provision).

¶4     "Notwithstanding," of course, means "without being prevented by (something)" or "despite." Merriam-Webster.com, http://www.merriam-webster.com/dictionary/notwithstanding

(last visited July 17, 2015). *See generally Miller v. State,* 2010 UT App 25, ¶ 12, 226 P.3d 743 ("[W]hen evaluating the [statutory] language at issue we assume the legislature used each term advisedly and in accordance with its ordinary meaning." (citation and internal quotation marks omitted)). The word "notwithstanding" in the Exemption Provision not only recognizes the conflict between this provision and the Renewal Provision, but also definitively resolves the conflict by nullifying the Renewal Provision as that provision applies to "a judgment ordering restitution when entered on the civil judgment docket." *See* Utah Code Ann. § 77-38a-401(4).[1] While our goal is to interpret statutes in ways that do not render any provisions superfluous, *see Grynberg,* 2003 UT 8, ¶ 28, the legislature's use of the word "notwithstanding" in amending the Exemption Provision expressly renders the Renewal Provision superfluous in this narrow context.

¶5     Accordingly, we agree with the district court that Flygare's restitution judgment did not expire upon the passage

---

1. This interpretation is in accordance with the Exemption Provision's legislative history and with other sections within the same chapter of the Utah Code. *See* Utah Code Ann. § 77-38a-402 (LexisNexis 2012) (exempting restitution judgments from discharge in bankruptcy proceedings); Act of May 10, 2011, ch. 37, § 1, 2011 Utah Laws 295, 295; Recording of Utah Senate Floor Debates, 59th Leg., Gen. Sess. (Mar. 3, 2011) (statements of Sen. Stephen H. Urquhart regarding H.B. 266 on restitution) ("In our statutes we have provisions that civil judgments will lapse after a certain period of time. . . . This bill clarifies that civil judgments that are entered as part of a restitution order in a criminal case won't lapse."); Recording of Utah House of Representative Floor Debates, 59th Leg., Gen. Sess. (Feb. 15, 2011) (statements of Rep. David Clark regarding H.B. 266 on restitution).

of eight years. Rather, Flygare's restitution judgment will "expire[] only upon payment in full, which includes applicable interest, collection fees, and attorney fees." *See* Utah Code Ann. § 77-38a-401(4).[2] Affirmed.

————

2. Flygare suggests that the 2011 amendment of section 77-38a-401(4) cannot be considered in this case without violating ex post facto prohibitions. We disagree. When this statute was previously amended in 2009, the bill specified that the aim was to "extend[] the expiration date of criminal restitution orders indefinitely" and that the amendment applied "to all restitution judgments that are not paid in full on or before May 12, 2009." Act of May 12, 2009, ch. 111, 2009 Utah Laws 424, 424. There is no evidence that Flygare had paid his restitution judgment off by that date; thus, there is no ex post facto problem in deeming his judgment unexpired. To the extent the 2009 amendment did not clearly remove the requirement that the victim renew the judgment after eight years, we consider the 2011 amendment to remedy that problem, particularly in light of the fact that the judgment against Flygare would not have required renewal until December 2013, i.e., eight years after the 2005 entry of the judgment in the civil docket.