**2015 UT App 246**

## THE UTAH COURT OF APPEALS

CALVIN PAUL STEWART,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Per Curiam Decision
No. 20150540-CA
Filed September 24, 2015

Third District Court, Salt Lake Department
The Honorable Richard D. McKelvie
No. 140907544

Calvin Paul Stewart, Appellant Pro Se

Sean D. Reyes and Brent A. Burnett, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1      Calvin Paul Stewart appeals the denial of his petition for extraordinary relief related to a January 2014 hearing before the Utah Board of Pardons and Parole (the Board). Stewart's petition, filed under rule 65B of the Utah Rules of Civil Procedure, claimed that he was denied due process because the Board did not give him copies of evidence that was to be used at his January 16, 2014 parole hearing until just prior to the hearing; that he is imprisoned for his debts because he cannot pay restitution; that the statute of limitations for restitution expired, making the debt invalid; that he was denied equal protection because others involved in the same criminal activity were not imprisoned or required to pay restitution; and that the Board has not demonstrated that its decision to incarcerate Stewart for

twenty years was valid or necessary. Pursuant to rule 65B(b)(5), the district court dismissed as frivolous all but the claim that he was denied procedural due process in the January 16, 2014 hearing. The district court later granted the Board's motion for summary judgment on that claim. This appeal is before the court on a sua sponte motion for summary disposition.

¶2 As a preliminary matter, Stewart claims that the district court erred in dismissing the petition against Warden Alfred Bigelow because the warden is his physical custodian and must be named as a party. Because Stewart's petition was filed under rule 65B(d) and challenges only the actions of the Board, Warden Bigelow was properly dismissed.

¶3 The district court correctly dismissed all but the procedural due process claim related to the January 16, 2014 hearing as frivolous. Stewart was sentenced to serve prison terms at the Utah State Prison following his 2003 convictions on twenty-five felony counts in two cases from two different Utah counties, in which he was required to pay restitution to his victims in excess of six million dollars. He claimed in his petition that the requirement that he pay restitution constitutes imprisonment for debt and also claimed that the statute of limitations on that debt has run. Citing *Monson v. Carver*, 928 P.2d 1017, 1027 (Utah 1996), the district court correctly ruled that because restitution is "'a civil remedy whose purpose is entirely remedial,' it is not properly characterized as a 'debt' for which [Stewart] was imprisoned, but is rather a consequence of [the] original convictions." Furthermore, restitution judgments "expire only upon payment in full, which includes applicable interest, collection fees, and attorney fees." Utah Code Ann. § 77-38a-401(4) (LexisNexis 2012); *see also State v. Flygare*, 2015 UT App 188, ¶ 5. The district court also properly dismissed Stewart's claims that his convictions violated the Equal Protection Clause of the United States Constitution and the due process clause of the Utah Constitution because he was

sentenced to pay restitution and serve a term in prison while others involved in the same criminal activity were treated differently. The district court correctly concluded that these claims constituted a challenge to Stewart's criminal convictions that cannot be pursued in a petition challenging the Board's actions and filed under rule 65B. *See* Utah R. Civ. P. 65B(a) ("Except for instances governed by Rule 65C, the procedures in this rule shall govern proceedings on all petitions for extraordinary relief."); *see also id.* R. 65C(a) ("This rule governs proceedings in all petitions for post-conviction relief filed under the Post-Conviction Remedies Act, Utah Code Title 78B, Chapter 9."). Finally, the district court correctly dismissed as frivolous the claim that Stewart's sentence was unconstitutionally excessive. *See Preece v. House*, 886 P.2d 508, 512 (Utah 1994) ("[S]o long as the period of incarceration decided upon by the board of pardons falls within an inmate's applicable indeterminate range, . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious.").

¶4 The district court granted summary judgment on the remaining claim that Stewart was denied due process at the January 16, 2014 hearing. The Board provided the district court with a transcript of the entire hearing as well as an affidavit from the hearing officer. The Board demonstrated that on December 27, 2013, Stewart received a packet containing all of the documents the Board had received since Stewart's last parole hearing. On January 10, 2014, the Board received a letter containing documents, including court pleadings, from two of the victims of Stewart's criminal acts. Pursuant to rule R671-303-1(1) of the Utah Administrative Code, the hearing officer brought these additional documents to the January 16, 2014 hearing. *See* Utah Admin. Code R671-303-1(1). At the hearing, Stewart was sworn in and asked if he had received a copy of the information packet. Stewart replied that he had. When the hearing officer asked Stewart, "[Did you have] a chance to look at that?" he replied that he had. During the hearing, Stewart did

not state that he had not timely received documents or that he did not have an adequate opportunity to review them, nor did he challenge any documents received at that hearing as containing hearsay, and he did not indicate that he had any additional questions. The hearing officer provided an affidavit indicating that it was his usual practice to arrive at the hearing location at least thirty minutes prior to the start of hearings and that, depending upon when Stewart's hearing was scheduled, he would have had a minimum of thirty minutes to review the additional documents provided by the hearing officer and could have had up to three hours to review them. Stewart would not have received any additional documents other than what was provided prior to or at the hearing.

¶5 The district court concluded that Stewart had not shown that there were any disputed material facts that would show he was denied due process during his January 16, 2014 hearing. Even though Stewart received some documents immediately prior to the hearing, he did not request additional time to review them and affirmatively acknowledged to the hearing officer that he was "ready to get started." At the conclusion of the hearing, Stewart stated that he did not have any additional questions. Relying upon *Peterson v. Utah Board of Pardons*, 931 P.2d 147 (Utah Ct. App. 1997), the district court concluded that Stewart had not met his burden to inform the hearing officer if he required any additional time to review the documents or information provided to him, and that Stewart did not challenge the proceedings at that time. *See id.* at 152.

¶6 The Board must satisfy two due process requirements in conducting parole hearings. First, "an inmate must receive adequate notice to prepare for a parole hearing." *Id.* at 150. Second, the inmate must "receive copies or a summary of the information in the Board's file upon which the Board will rely" and "know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies."

*Id.* However, in *Peterson*, we concluded that the Board was not required to continue a hearing after the inmate "expressly stated that he did not want or need more time." *Id.* at 152. "To shift the burden from the inmate to the Board . . . jeopardizes the Board's neutrality because it would require the Board to insist on continuances despite an inmate's insistence to the contrary." *Id.* Stewart did not ask for a continuance to review the additional materials provided to him at the hearing. Instead, he stated that he was ready to get started and thereafter fully participated in the hearing. Based upon the undisputed facts, Stewart's due process rights were not violated.

¶7     Affirmed.

——————