**Ronald Dean LANCASTER,**
**Plaintiff and Appellant,**

v.

**UTAH BOARD OF PARDONS,**
**Defendant and Appellee.**

No. 930355.

Supreme. Court of Utah.

Feb. 28, 1994.

Ronald Dean Lancaster, pro se.

Jan Graham, Atty. Gen., James H. Beadles, Asst. Atty. Gen., Salt Lake City, for defendant.

DURHAM, Justice:

Plaintiff Robert Dean Lancaster appeals the district court's summary dismissal of his petition for extraordinary relief brought pursuant to rule 65B of the Utah Rules of Civil Procedure. Lancaster contends that the Utah Board of Pardons ("Board") violated his due process rights when it rescinded his parole date. We affirm.

In June 1978, Lancaster pleaded guilty to criminal homicide, murder in the second degree, a first degree felony under section 76–5–203 of the Utah Code. He received an indeterminate sentence of five years to life in the Utah State Prison. In May 1979, following his first parole hearing, the Board issued a written order denying Lancaster parole because of the nature of his offense. The Board also scheduled a rehearing for June 1984. At that time, the Board reheard Lancaster's case and set a parole date of June 8, 1993.

In March 1987, Lancaster was convicted of aggravated assault by a prisoner, a first degree felony under section 76–5–103.5 of the Utah Code. The court gave Lancaster an indeterminate sentence of five years to life, with this second prison term to start upon completion of his first sentence.

On May 22, 1987, the Board rescinded Lancaster's June 1993 parole date and ordered a rehearing for June 2003. The reason for the Board's decision was Lancaster's recent aggravated assault conviction. In light of this, the Board concluded that Lancaster posed a "risk to the community."

In late 1991, Lancaster requested that the Board reconsider his case. The Board denied his request for rehearing and affirmed his rehearing date of June 2003. Although the Board noted that Lancaster had been "disciplinary free" for six months, it decided that Lancaster needed to show "behavioral progress" for a "longer period."

On September 10, 1992, Lancaster filed in Third Judicial District Court a "Petition for Writ of Habeas Corpus–Rule 65B Subs. (C) and (E). Extraordinary Relief." On October 15, 1992, the district court dismissed

Lancaster's petition as "frivolous on its face." Lancaster appeals to this court.

■ The sole issue on appeal is whether the trial court was correct in denying Lancaster's petition without holding a hearing or providing written findings of fact and conclusions of law. Resolution of this issue turns on the proper construction of subsections (c) and (e) of Utah Rule of Civil Procedure 65B. This determination presents a question of law, which we review for correctness. Accordingly, we grant " 'no deference to the lower court's conclusions.' " *Parsons v. Barnes,* 871 P.2d 516, 518 (1994) (quoting *Gerrish v. Barnes,* 844 P.2d 315, 318–19 (Utah 1992)); *see also Fernandez v. Cook,* 783 P.2d 547, 549 (Utah 1989). We conclude that the trial court was correct in dismissing Lancaster's petition.

■ Lancaster correctly asserts that in some circumstances, the Board's actions are reviewable by a petition for extraordinary relief. *See Labrum v. Utah State Bd. of Pardons,* 870 P.2d 902, 903 (1993); *Foote v. Utah Bd. of Pardons,* 808 P.2d 734, 735 (Utah 1991). Here, Lancaster requested extraordinary relief pursuant to rule 65B(c) and (e) of the Utah Rules of Civil Procedure.[1] Rule 65B(c)(5) enables the district court to dismiss frivolous claims. The rule states:

> On review of the petition ... if for any other reason any claim in the petition shall appear frivolous on its face, the court shall forthwith issue an order dismissing the claim, stating that the claim is frivolous on its face and the reasons for this conclusion. *The order need not state findings of fact or conclusions of law.*

Utah R.Civ.P. 65B(c)(5) (emphasis added). The trial court's order in this case does not articulate the reasons for denial of the petition as required by the rule, and we urge trial courts in the future to include such reasons. The omission does not require reversal here, however, because our review of the pleadings permits us to conclude inde-

pendently that Lancaster's petition was properly dismissed.

Lancaster claims that the Board wrongfully refused to provide him with written criteria detailing what he must do to transform his rehearing date into a parole date. He also challenges the Board's failure to fix the exact number of years he would serve on his indeterminate sentence, as well as the trial court's decision to have his sentences run consecutively rather than concurrently. None of these claims describe a due process violation reviewable under *Foote* or *Labrum.*

Due process does not require that the Board provide an individualized "performance plan," specifying exactly what an inmate must do to transform a rehearing date into a parole date. Establishing parole dates is certainly well within the Board's discretion. As explained in *Labrum,* we must review the fairness of the *process* by which the Board undertakes its sentencing function, but we do not sit as a panel of review on the result, absent some other constitutional claim, such as cruel and unusual punishment. 870 P.2d at 910. Accordingly, Lancaster's claim under rule 65B(c) was properly dismissed as frivolous on its face.

■ We next examine Lancaster's claim under rule 65B(e). Unlike rule 65B(c), there is no specific procedure delineated in rule 65B(e) for dismissing a petition on the basis that it is frivolous on its face. Rule 65B(e)(2) states that

> relief may be granted: (A) where an inferior court, administrative agency, or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion; (B) where an inferior court, administrative agency, corporation or person has failed to perform an act required by law as a duty of office, trust or station; or (C) where an inferior court, administrative agency, corporation or person has refused the petitioner the use or enjoyment of a right or office to which the petitioner is entitled.

Utah R. Civ. P. 65B(e)(2).

In essence, the rule requires that the petitioner allege in his or her petition that an

---

**1.** Subsection (c) of Utah Rule of Civil Procedure 65B governs "all petitions claiming that a person has been wrongfully restrained of personal liberty." Utah R.Civ.P. 65B(c)(1). Subsection (e) provides relief where an inferior court, administrative agency, or other entity wrongfully uses judicial authority or fails to exercise such authority. Utah R.Civ.P. 65B(e)(2).

agency, officer, or court has violated some portion of the rule. As discussed above, Lancaster has not alleged facts showing that the Board failed to act as required by law, exceeded its jurisdiction, abused its discretion, or refused him a right to which he was entitled. A petition of any nature which fails to state a claim may be dismissed. Thus, the trial court's action was proper despite the lack of express authority to dismiss frivolous petitions under subsection (e) of rule 65B.

Having concluded that Lancaster's claims are without merit, we affirm the trial court's dismissal of his petition.

ZIMMERMAN, C.J., HOWE, J., and LEONARD H. RUSSON, Court of Appeals Judge, concur.

STEWART, Associate C.J., concurs in the result.

HALL, J., did not participate herein.

RUSSON, Judge, sat prior to his appointment to this court.