IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Larry Ross Harmon, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120074-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 29, 2012) |
| Utah Board of Pardons, | ) | |
| | ) | 2012 UT App 93 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Larry Ross Harmon, Gunnison, Petitioner Pro Se
                    Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Respondent

-----

Before Judges McHugh, Davis, and Christiansen.

¶1      Petitioner Larry Ross Harmon filed this petition for extraordinary relief seeking a writ directing the Utah Board of Pardons to hold an immediate reconsideration hearing and to grant him release on parole based upon the recommended matrix guidelines for the time to be served on his convictions.  Because we conclude that Harmon has not demonstrated that it was impractical or inappropriate to file the petition in the district court, we dismiss the petition without prejudice to the filing of a petition under rule 65B(d) of the Utah Rules of Civil Procedure in the appropriate district court.

¶2      A petition for an extraordinary writ referred to in rule 65B of the Utah Rules of Civil Procedure and filed in an appellate court shall "[e]xcept in cases where the writ is directed to a district court," contain "a statement explaining why it is impractical or

inappropriate to file the petition for a writ in the district court." Utah R. App. P. 19(b)(5). In his petition, Harmon stated,

> The writ does not question the validity of the district court conviction or sentence, but is rather of an appeals nature of unlawful actions by an agency of the executive branch of the Utah government. It is therefore impractical and inappropriate for a district court, in its lower stature, to decide this matter. Furthermore, the issues of this writ are in the realm of a first degree felony, over which the Utah Supreme Court has jurisdiction.

¶3     This statement is not sufficient to demonstrate that it was either impractical or inappropriate to file the petition in the district court. The petition is not directed to a district court or district court judge and instead addresses actions of the Utah Board of Pardons. *See* Utah R. Civ. P. 65B(a) (stating that where no other plain, speedy and adequate remedy is available, a person may petition the court for extraordinary relief "involving . . . actions by the Board of Pardons and Parole"). The district court, as the court of general jurisdiction, routinely considers and determines petitions filed under rule 65B(d) of the Utah Rules of Civil Procedure and directed to the Utah Board of Pardons. If a petitioner is unsuccessful in the district court, an appeal of that decision may be filed in the appropriate appellate court. *See, e.g., Renn v. Board of Pardons*, 904 P.2d 677 (Utah 1995) (reviewing on certiorari a court of appeals' decision reversing the district court's dismissal of a rule 65B petition); *Lancaster v. Board of Pardons*, 869 P.2d 945 (Utah 1994) (appealing a district court dismissal of a rule 65B petition seeking extraordinary relief); *Labrum v. Board of Pardons*, 870 P.2d 902 (Utah 1993) (same). Harmon has demonstrated no adequate factual basis for his assertion that the petition could not and should not have been filed in the district court in the first instance.

¶4     Accordingly, we dismiss the petition for extraordinary relief without prejudice to a petition filed pursuant to rule 65B(d) of the Utah Rules of Civil Procedure in the

appropriate district court. Our disposition makes it unnecessary to consider the merits of the arguments made by Harmon and the Utah Board of Pardons.

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge