**2013 UT App 171**

# THE UTAH COURT OF APPEALS

JAMES C. GODFREY,
Petitioner and Appellant,
*v.*
BOARD OF PARDONS & PAROLE,
Respondent and Appellee.

Per Curiam Decision
No. 20130366-CA
Filed July 11, 2013

Third District, Salt Lake Department
The Honorable Robert P. Faust
No. 100908976

James C. Godfrey, Appellant Pro Se
John E. Swallow and Nancy L. Kemp, Attorneys
for Appellee

Before JUDGES DAVIS, McHUGH, and VOROS.

PER CURIAM:

¶1     James C. Godfrey appeals the trial court's order granting the Board of Pardons and Parole's (the Board) motion for summary judgment that resulted in the dismissal of his petition in its entirety. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. We affirm.

¶2     Godfrey first asserts that the trial court erred in reviewing the State's request for relief filed pursuant to rule 60(b) of the Utah Rules of Civil Procedure. Under rule 60(b), a trial court may "relieve a party . . . from a final judgment, order, or proceeding," based on certain grounds including mistake. A motion pursuant to rule 60(b) may be used as a means to obtain a trial court's

reexamination of the denial of a motion for summary judgment. *Rees v. Albertson's Inc.*, 587 P.2d 130, 131–32 (Utah 1978). That is the posture here, where the trial court initially denied the Board's motion for summary judgment. Furthermore, the error in proceeding on a rule 60(b) motion, if any, is harmless. The motion essentially sought reconsideration of a non-final order, which is permitted under the rules of civil procedure. *Gillett v. Price*, 2006 UT 24, ¶ 10, 135 P.3d 861.

¶3     Godfrey asserts that disputed material facts exist to preclude summary judgment. However, he argues facts that were before the Board at his parole hearing rather than facts related to the summary judgment. Summary judgment is available where there are no disputed material facts and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). The relevant facts for the purposes of summary judgment in this case are that Godfrey received a copy of the material that the Board would consider in determining his term and that the Board set a term within the statutory range applicable to Godfrey. The trial court found that Godfrey had received due process regarding his parole hearing and that the term set was well within the range of two sentences of up to life in prison.

¶4     The Board's decisions regarding inmates' possible parole dates are not generally reviewable by courts. *See* Utah Code Ann. § 77-27-5(3)(LexisNexis 2012) (providing that the decisions of the Board in cases of paroles are "final and not subject to judicial review"). Appellate courts "review the fairness of the process by which the Board undertakes its sentencing function" but do not "sit as a panel of review on the result." *Monson v. Carver*, 928 P.2d 1017, 1023 (Utah 1996). Due process "requires that the inmate know what information the Board will be considering at the hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *Labrum v. Board of Pardons*, 870 P.2d 902, 908 (Utah 1993). Furthermore, so long as the incarceration term is within the applicable indeterminate range, the term will not be considered

arbitrary or capricious absent unusual circumstances and will be beyond court review. *Monson*, 928 P.2d at 1023.

¶5     Godfrey received the material that would be considered at his hearing and had the opportunity to address any issues or inaccuracies in the materials. In fact, he states that he wrote letters to put forth his information and to correct information that he thought was inaccurate. The trial court did not err in finding that the Board comported with due process requirements.

¶6     Although Godfrey argues that the Board failed to follow sentencing guidelines, it is established that the guidelines do not have the effect of law and are not binding on the Board. *See id.* The guidelines are merely estimates that reflect what may be a typical term. The Board retains full discretion to determine incarceration terms on an individual basis considering the unique facts of each case. *Labrum*, 870 P.2d at 909. As a result, Godfrey's arguments regarding any entitlement or expectation under the guidelines is without merit, and the Board is entitled to judgment as a matter of law.

¶7     Regardless of how his appeal is framed, Godfrey challenges the substantive decision of the Board. However, that decision is not within this court's purview. Moreover, Godfrey largely reargues his trial court position and does not address the appellate posture of the case. Because this is a court of review, an appellant must address the reasoning of a challenged order or judgment. *Allen v. Friel*, 2008 UT 56, ¶ 14, 114 P.3d 303. Godfrey asserts various Board errors but does not address the trial court's reasoning for granting summary judgment. As a result, he fails to present a substantial issue for review warranting further proceedings by this court.

¶8     Affirmed.

———————