2013 UT App 221

# THE UTAH COURT OF APPEALS

BRIAN MAGUIRE,
Petitioner and Appellant,
*v.*
ALFRED BIGELOW, BOARD OF PARDONS & PAROLE, AND STATE OF
UTAH,
Respondents and Appellees.

Per Curiam Decision
No. 20130597-CA
Filed September 6, 2013

Third District, Salt Lake Department
The Honorable Royal I. Hansen
No. 110918782

Brian Maguire, Appellant Pro Se
John E. Swallow and Bridget K. Romano, Attorneys
for Appellees

Before JUDGES DAVIS, THORNE, and MCHUGH.

PER CURIAM:

¶1 Brian Maguire appeals the district court's dismissal of his petition for extraordinary relief. This matter is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶2 Maguire asserted ten claims in his petition in the district court. Although phrased somewhat differently, all but one claim challenged the Board of Pardons and Parole's (the Board) determination that Maguire would serve a natural life sentence, the

maximum term of Maguire's ten-year-to-life sentence.[1] The Board has the authority to determine if, when, and under what conditions an inmate may be released on parole. *See* Utah Code Ann. § 77-27-5(1)(a) (LexisNexis 2012). Decisions of the Board regarding paroles "are final and are not subject to judicial review." *Id.* § 77-27-5(3). Judicial review is limited only to "the fairness of the process by which the Board undertakes its sentencing function," and does not include review of the result. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994). Although Maguire argues that the Board inappropriately set his term for natural life, "so long as the period of incarceration decided upon by the [Board] falls within an inmate's applicable indeterminate range, . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Preece v. House*, 886 P.2d 508, 512 (Utah 1994). Accordingly, the district court did not err in dismissing those claims.

---

1. The claims in Maguire's petition challenged the information before the Board, the legality of the sentence, and the Board's decision to impose a natural life sentence. Maguire acknowledges that he objected to what he considered to be inaccurate information at his hearing before the Board but argues that his position was not given sufficient weight in the Board's decision. The weight given to the evidence is within the Board's discretion in making its final determination and is not subject to judicial review. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994). Furthermore, Maguire received the due process to which he was entitled because he had the information prior to the hearing and was able to address the matters to the Board. *See Neel v. Holden*, 886 P.2d 1097, 1101 (Utah 1994); *Labrum v. Board of Pardons*, 870 P.2d 902, 909 (Utah 1993).

To the extent that Maguire argues that his sentences should combine to be no more than thirty years, the argument is without merit. The statute limiting consecutive sentences to a maximum term of thirty years does not apply where the maximum of an indeterminate sentence may be life in prison. Utah Code Ann. § 76-3-401 (LexisNexis 2012).

¶3      Maguire presented one procedural due process claim, contending that his rights were violated because he did not receive the 1992 Presentence Investigation Report (PSI) prior to the hearing before the Board. Maguire asserted in his petition that the PSI was the basis for some information in an Institutional Progress Report (IPR) that was in the Board's file. Maguire appeared at the hearing and objected to some information in the IPR, as was his right. However, the PSI was not in the Board file and was not considered by the Board. Accordingly, there was no requirement for the Board to produce the PSI and the district court properly dismissed this claim. *See Peterson v. Board of Pardons*, 931 P.2d 147, 152 (Utah Ct. App. 1997).

¶4      Affirmed.

———————