**2016 UT App 236**

## THE UTAH COURT OF APPEALS

SHAYNE E. TODD,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Per Curiam Decision
No. 20160013-CA
Filed December 8, 2016

Third District Court, Salt Lake Department
The Honorable Su Chon
No. 150901233

Shayne E. Todd, Appellant Pro Se

Sean D. Reyes, Stanford E. Purser, and Amanda N.
Montague, Attorneys for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
JILL M. POHLMAN.

PER CURIAM:

¶1      Shayne E. Todd appeals the district court's order granting
the Board of Pardons and Parole's motion for summary
judgment resulting in the dismissal of his petition for
extraordinary relief. We affirm.

¶2      When reviewing an appeal from an order dismissing a
petition for extraordinary relief, we accord no deference to the
lower court's conclusions of law but review them for correctness.
*See Monson v. Carver*, 928 P.2d 1017, 1022–23 (Utah 1996).
However, generally decisions of the Board of Pardons and
Parole regarding paroles "are final and are not subject to judicial
review." Utah Code Ann. § 77–27–5(3) (LexisNexis 2012).
Judicial review is limited only to "the fairness of the process by
which the Board undertakes its sentencing function," and does

not include review of the result. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994).

¶3     Todd makes several arguments on appeal concerning the Board's decision several years ago to not hold a parole hearing until 2029. He previously made some of these arguments when he filed a motion in his criminal case to correct an illegal sentence. *See State v. Todd*, 2013 UT App 231, 312 P.3d 936. Todd repackaged those arguments, with some minor differences, in his petition for extraordinary relief, but the crux of his arguments remain the same.

¶4     First, Todd argues that Utah's indeterminate sentencing scheme is unconstitutional for several reasons. However, this sentencing structure has repeatedly been upheld by the courts as constitutional. *See State v. Telford*, 2002 UT 51, ¶ 3, 48 P.3d 228 (per curiam) (stating that there was "no basis for [the court] to depart from established precedent" and that indeterminate sentencing was indeed constitutional); *Padilla v. Board of Pardons*, 947 P.2d 664, 669 (Utah 1997) (rejecting arguments that sentencing scheme violates due process or separation of powers clause); *Monson v. Carver*, 928 P.2d 1017, 1023 (Utah 1996) (rejecting claim that Utah's sentencing scheme violated the Constitution because it was mentally cruel to prisoners). Accordingly, we reject Todd's arguments that the indeterminate sentencing scheme is unconstitutional.

¶5     Todd next asserts that the Sentencing Guidelines created a liberty interest, of which he was deprived by the Board's decision to not schedule his next parole hearing until 2029. It is well established that the guidelines do not have the effect of law and are not binding on the Board, as such, they create no liberty interest or expectation of release. *See Monson*, 928 P.2d at 1023. The guidelines are merely estimates that reflect what may be a typical term. The Board retains full discretion to determine incarceration terms on an individual basis considering the unique facts of each case. *Labrum v. Board of Pardons*, 870 P.2d 902, 909 (Utah 1993). Thus, the district court correctly concluded

that Todd was not entitled to relief on his arguments concerning whether the sentencing guidelines created a protected liberty interest.

¶6 Third, Todd claims that the rationale sheet the Board used to memorialize its decision concerning when to schedule Todd's parole review date was insufficient. Specifically, he seems to argue that the preprinted rationale sheets, on which the Board checks off the "mitigating" and "aggravating" factors it deems relevant in making the parole determination, did not provide a detailed enough explanation of the Board's actions to satisfy due process. However, the Utah Supreme Court has previously determined that the rationale sheets used by the Board to explain its decisions are adequate and satisfy due process. *See Monson*, 928 P.2d at 1031 ("While perhaps not a perfect explanation of the Board's rationale, this document [i.e., a rationale sheet] nonetheless satisfies the Board's own requirement that it provide a written explanation of the reasons for its decision."). Thus, Todd is not entitled to relief on this claim.

¶7 Finally, Todd complains about the Board's internal operating procedures and how they may affect his due process rights. However, it does not appear that Todd raised these issues either in his original petition for extraordinary relief or in his amended petition. Accordingly, the issue is not properly preserved for appeal. *See Holman v. Callister, Duncan & Nebeker*, 905 P.2d 895, 899 (Utah Ct. App. 1995) (stating that a litigant's failure to raise an issue with the district court fails to preserve the claim for appeal).

¶8 Affirmed.[1]

---

1. To the extent that Todd's brief could be construed to set forth any further arguments not specifically addressed above, Todd has failed to demonstrate such arguments entitle him to the relief requested.