**2017 UT App 115**

## THE UTAH COURT OF APPEALS

LARRY HARMON,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE,
Appellee.

Per Curiam Opinion
No. 20160192-CA
Filed July 13, 2017

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 150903620

Michael P. Studebaker, Attorney for Appellant

Sean D. Reyes and Stanford E. Purser, Attorneys
for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
JILL M. POHLMAN.

PER CURIAM:

¶1     Larry Harmon appeals from the district court's order dismissing his petition for extraordinary relief. We affirm.

¶2     When reviewing an appeal from an order dismissing a petition for extraordinary relief, we accord no deference to the lower court's conclusions of law but instead review them for correctness. *See Monson v. Carver*, 928 P.2d 1017, 1022-23 (Utah 1996). However, generally decisions of the Board of Pardons and Parole regarding paroles "are final and are not subject to judicial review." Utah Code Ann. § 77-27-5(3) (LexisNexis Supp. 2016). Judicial review is limited only to "the fairness of the process by which the Board undertakes its sentencing function," and does

not include review of the result. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994) (emphasis omitted).

¶3　Harmon initially argues that the rationale sheet used by the Board of Pardons and Parole (Board) to memorialize its decision concerning when to schedule Harmon's parole review date was insufficient. Specifically, he seems to argue that the preprinted rationale sheets, on which the Board checks off the "mitigating" and "aggravating" factors it deems relevant in making the parole determination, did not provide a sufficiently detailed explanation of the Board's actions to satisfy due process. However, the Utah Supreme Court has previously determined that the rationale sheets used by the Board to explain its decisions are adequate and satisfy due process. *See Monson*, 928 P.2d at 1031 ("While perhaps not a perfect explanation of the Board's rationale, this document [i.e., a rationale sheet] nonetheless satisfies the Board's own requirement that it provide a written explanation of the reasons for its decision."). To the extent that Harmon complains that the Board failed to "check-off" all of the mitigating factors he believed were applicable, such an argument is not reviewable because it pertains the substance of the Board's decision as opposed to the "fairness of the process." *See Padilla v. Board of Pardons and Parole*, 947 P.2d 664, 667 (Utah 1997).

¶4　Harmon next makes several arguments that are inadequately briefed. "Since an appeal is a resort to a superior court to review the decision of a lower court, Utah appellate rules require the appellant to address reasons why the district court's dismissal of his petition should be overturned." *Allen v. Friel*, 2008 UT 56, ¶ 14, 194 P.3d 903. "A brief is inadequate when it merely contains bald citation[s] to authority [without] development of that authority and reasoned analysis based on that authority. As we have repeatedly noted, we are not a depository in which [a party] may dump the burden of argument and research." *Smith v. Four Corners Mental Health*

*Center, Inc.*, 2003 UT 23, ¶ 46, 70 P.3d 904 (alterations in original) (citation and internal quotation marks omitted). "An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error." *Simmons Media Group, LLC v. Waykar, LLC*, 2014 UT App 145, ¶ 37, 335 P.3d 885

¶5      Harmon has raised several arguments for which he fails to set forth any legal reasoning or analysis to support the issues raised. He argues that the district court applied the wrong legal standard in analyzing the Board's motion to dismiss. However, Harmon makes no effort to explain why the standard set forth in the district court's analysis was incorrect or how the district court incorrectly applied the standard to the facts of the case. In so doing, Harmon has failed to demonstrate any error on the part of the district court. Similarly, Harmon argues that he should have been advised that he had a right to seek private counsel to assist him at his hearing before the Board. However, after acknowledging that there is no right to appointed counsel at a parole hearing, s*ee Neel v. Holden*, 886 P.2d 1097, 1103-04 (Utah 1994), Harmon fails to set forth any analysis or legal citations to support his claim. Finally, Harmon claims that the "Board acted in an arbitrary and capricious manner as it relates to Mr. Harmon's continued imprisonment." However, once again Harmon presents no legal argument or analysis to support the contention. Instead, he offers only broad conclusions in a single four-sentence paragraph. By failing to adequately brief these issues, Harmon has attempted to "dump the burden of argument and research" on the court. *See Smith*, 2003 UT 23, ¶ 46 (citation and internal quotation marks omitted). Further, in so doing, he has failed to demonstrate any error on the part of the district court. Accordingly, because these issues were inadequately briefed, we decline to address them.

¶6      Affirmed.

––––––––––––