**2017 UT App 121**

## THE UTAH COURT OF APPEALS

ROGER L. BRECHLIN,
Appellant,
*v.*
BOARD OF PARDONS AND PAROLE
AND DEPARTMENT OF CORRECTIONS,
Appellees.

Per Curiam Opinion
No. 20170224-CA
Filed July 20, 2017

Third District Court, Salt Lake Department
The Honorable James D. Gardner
No. 150908649

Roger L. Brechlin, Appellant Pro Se

Sean D. Reyes, Erin T. Middleton, and Amanda N.
Montague, Attorneys for Appellees

Before JUDGES GREGORY K. ORME, DAVID N. MORTENSEN, AND
JILL M. POHLMAN.

PER CURIAM:

¶1      Roger L. Brechlin appeals the entry of summary judgment on his petition seeking extraordinary relief directed to the Board of Pardons and Parole (the Board). We affirm.

¶2      Brechlin received an indeterminate sentence of fifteen years to life in prison following his 1991 conviction for aggravated sexual assault, a first degree felony. The Board released him on parole in 2010. Among other things, Brechlin's parole agreement precluded him from being in possession of a dangerous weapon.

¶3 Three and a half years later, Brechlin was arrested after some campers reported to police that they saw Brechlin running through their campsite several times—sometimes naked—carrying a knife and a plastic baseball bat.[1] When the police found him, Brechlin was wearing only boots and two shirts tied around his waist. Brechlin pleaded guilty to possession of a dangerous weapon by a restricted person, a third degree felony, and was sentenced to an indeterminate term of not to exceed five years. The admitted facts also constituted a parole violation.

¶4 Following his guilty plea, Brechlin appeared before the Board for a "parole violation/original hearing." At that hearing, Brechlin acknowledged that he received notice of the hearing and a copy of the information packet provided to the Board. That information included a post-sentence memorandum. Brechlin testified that he had been in possession of the knife and that he took responsibility for such possession. Brechlin told the Board's hearing officer that he had been depressed after learning that his girlfriend was leaving him and after receiving a diagnosis of emphysema, and that his behavior was caused by his depression. Brechlin stated that he had never been depressed before, but after his arrest, he was diagnosed with chronic depression. He had been in counseling for six months at the time of the hearing. He stated that he had never experienced mental health issues before and it was the first time he had ever been in any type of counseling.

---

1. Although Brechlin has disputed reports that he was naked, any dispute regarding the exact state of Brechlin's undress is not relevant to any issue in this appeal. Similarly, Brechlin's claim that he had permission to possess the knife constitutes a collateral attack on his conviction that cannot be raised in a petition for extraordinary relief challenging the Board's actions. *See* Utah R. Civ. P. 65B(d)(2) (allowing relief "where the Board of Pardons and Parole has exceeded its jurisdiction or failed to perform an act required by constitutional or statutory law").

¶5     The Board revoked Brechlin's parole from his 1991 conviction and sentence for aggravated sexual assault and scheduled him for a hearing in July 2023. The Board ordered him to complete a sex offender treatment program before the 2023 hearing. Brechlin filed a petition seeking extraordinary relief against the Board and the Department of Corrections (the Department). Brechlin raised two basic claims in the petition: (1) the Board violated his due process rights by setting a rehearing date that exceeds the Board's sentencing guidelines; and (2) the Board made its decisions without all of the necessary information and therefore failed to properly consider Brechlin for release on parole. The Board and the Department moved for summary judgment on the petition for extraordinary relief.

¶6     The district court granted summary judgment on Brechlin's claim that the Board violated his due process rights by deviating from its sentencing guidelines. The district court concluded that under Utah law, the state sentencing guidelines used by the board of pardons do not have the force and effect of law. *See Preece v. House*, 886 P.2d 508, 511 (Utah 1994). Thus, the district court concluded that, while the guidelines reflect estimates of what may be a typical term, the Board retains full discretion to determine incarceration terms on an individual basis considering the unique facts of each case. *See Godfrey v. Board of Pardons*, 2013 UT App 171, ¶ 6, 306 P.3d 852 (per curiam).

¶7     The district court did not err in granting summary judgment on this claim. In addition to the fact that the sentencing guidelines are not binding on the Board, Brechlin fails to acknowledge that the new conviction was also a parole violation on his 1991 conviction for aggravated sexual assault, for which Brechlin received an indeterminate sentence of up to life in prison. Brechlin's claim is based on the sentencing matrix for his new conviction for possession of a dangerous weapon only, and neither the sentencing guidelines nor the matrix estimates the sentence for a parole violation. Furthermore,

contrary to Brechlin's assertions, the commission of the new offense was not merely a "technical" violation of his parole.

¶8    The district court also granted summary judgment on Brechlin's claim that the Board made its decision without obtaining all relevant information and failed to properly consider Brechlin for release. The district court concluded, based on the undisputed facts, that the Board had all of the pertinent information, including information that was favorable to Brechlin. In addition, Brechlin was allowed to present information directly to the Board's hearing officer. The district court construed Brechlin's claim as a disagreement with the Board's weighing of the evidence in reaching its decision. However, "[t]he weight given to the evidence is within the Board's discretion in making its final determination and is not subject to judicial review." *Maguire v. Bigelow*, 2013 UT App 221, ¶ 2 n.1, 310 P.3d 765 (per curiam) (citing *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994)). Thus, the district court ruled that Brechlin's disagreement with the Board's parole decision did not entitle him to extraordinary relief and that therefore the Board and the Department were entitled to summary judgment.

¶9    Furthermore, the district court also denied Brechlin's request under rule 56(d) of the Utah Rules of Civil Procedure for a continuance to conduct discovery. The court stated that rule 56(d) requires a party seeking a continuance to demonstrate "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Thus, "[p]arties must offer more than conclusory assertions to demonstrate the existence of a genuine issue for trial, and cannot justify further discovery without providing a viable theory as to the nature of the facts they wish to obtain." *Grynberg v. Questar Pipeline Co.*, 2003 UT 8, ¶ 57, 70 P.3d 1 (citation and internal quotation marks omitted). Because Brechlin failed to identify what evidence he needed or how it would aid his opposition to summary judgment, the district court denied his rule 56(d) request. On

appeal, Brechlin lists, for the first time, the items he claims he wanted to obtain in discovery. However, because he did not first present that information to the district court, and does not demonstrate why that information would have provided him a basis on which to oppose summary judgment, Brechlin fails to demonstrate that the district court erred in denying this request. The district court also did not err by declining to hold a hearing on the motion for summary judgment where Brechlin did not request one.

¶10    Judicial review of the Board's decisions is limited. *Padilla v. Board of Pardons*, 947 P.2d 664, 671 (Utah 1997). Utah Code section 77-27-5(3) provides, in relevant part, that "[d]ecisions of the board in cases involving paroles, pardons, commutations, or terminations of sentence . . . are final and are not subject to judicial review." Utah Code Ann. § 77-27-5(3) (LexisNexis Supp. 2016). Judicial review "is limited to the process by which the Board undertakes its sentencing function." *Padilla*, 947 P.2d at 671 (citation and internal quotation marks omitted). A court "must review the fairness of the process by which the Board undertakes its sentencing function, but we do not sit as a panel of review on the result, absent some other constitutional claim." *Lancaster*, 869 P.2d at 947.

¶11    In the district court, and on appeal, Brechlin's essential disagreement is with the Board's decision regarding his parole date and the weight that the Board assigned to certain mitigating factors. "The weight given to the evidence is within the Board's discretion in making its final determination and is not subject to judicial review." *Maguire*, 2013 UT App 221, ¶ 2 n.1. Brechlin argued that the Department had a duty to produce mental health records to the Board and that the Board had a duty to seek further information on his mental health. However, it was undisputed the Department did not have any mental health records for Brechlin pre-dating his arrest for the new offense. In support of the summary judgment motion, the Board provided a sworn affidavit from a supervisor at Adult Probation & Parole

(AP&P), who had reviewed AP&P's records from supervision Brechlin for twenty-five years. That affidavit stated that there was no record of any mental health issues in the files maintained by AP&P. Brechlin did not dispute the facts relating to the contents of the records maintained by AP&P.

¶12 In addition, the Board's hearing officer heard Brechlin's testimony that (1) he had been diagnosed with depression only after his arrest, (2) he was seeking treatment, and (3) he believed his depression was the reason for the behavior that led to his arrest on the weapons offense and the resulting parole violation. Although Brechlin claimed before the district court that he had permission to carry a knife, he did not make that claim in the hearing before the Board's hearing officer where he stated that he took responsibility for possessing the weapon. Brechlin has not demonstrated that the Board failed to consider pertinent information or that the Department failed to provide information. He attempts to characterize the claims as due process violations, but the claims are essentially challenges to the substance of the Board's decision, which are outside the scope of judicial review. Accordingly, the district court properly granted summary judgment in favor of the Board and the Department.

¶13 Affirmed.

_____