**2018 UT App 61**

## THE UTAH COURT OF APPEALS

RONALD A. MAY,
Appellant,
*v.*
ALFRED C. BIGELOW, BOARD OF PARDONS AND PAROLE,
AND STATE OF UTAH,
Appellees.

Per Curiam Opinion
No. 20170322-CA
Filed April 12, 2018

Third District Court, Salt Lake Department
The Honorable Mark S. Kouris
No. 160901267

Ronald A. May, Appellant Pro Se

Sean D. Reyes, Erin T. Middleton, and Amanda N.
Montague, Attorneys for Appellees

Before JUDGES GREGORY K. ORME, KATE A. TOOMEY, and
DIANA HAGEN.

PER CURIAM:

¶1 Ronald A. May appeals the district court's order granting summary judgment against him and dismissing his petition for extraordinary relief. In his petition, May sought to require the Board of Pardons and Parole (the Board) to either immediately parole him or provide him with a new parole hearing.[1]

---

1. Alfred C. Bigelow, as warden of the prison, was named as a respondent. However, all claims raised by May directly involved the Board's actions, not Bigelow's or the prison's.

¶2 When reviewing an appeal from an order dismissing a petition for extraordinary relief, we accord no deference to the district court's conclusions of law but instead review them for correctness. *See Monson v. Carver*, 928 P.2d 1017, 1022–23 (Utah 1996). Because the decision underlying the petition for extraordinary relief involves a parole decision of the Board, the decision itself is "final and [is] not subject to judicial review." Utah Code Ann. § 77-27-5(3) (LexisNexis 2017). Judicial review of such decisions is limited only to "the fairness of the process by which the Board undertakes its sentencing function" and does not include review of the result. *Lancaster v. Board of Pardons*, 869 P.2d 945, 947 (Utah 1994) (emphasis omitted).

¶3 May first asserts that the Board violated his due process rights when it revoked his parole without obtaining and/or disclosing a toxicology report detailing the results of May's blood test following his arrest for driving under the influence.[2] Contrary to May's arguments, the toxicology report was immaterial to the Board's ultimate decision because May admitted to using heroin on multiple occasions. May's admissions to heroin use were sufficient to support the Board's decision to revoke his parole. Further, May cites no authority for the proposition that the Board had a duty to obtain the toxicology report when (1) there is no evidence that the Board was ever aware of the report; (2) the report was ordered by the investigating police agency, not the Board; and (3) the report was not used to support May's DUI conviction, since May pled guilty to a DUI offense prior to the completion of the toxicology report.

---

2. There is no evidence that prior to May's hearing the Board was aware that the toxicology report existed. The report was not included in the packet of material provided to May nor was any reference made to it in the Board's decision. Further, it was not the Board that requested the toxicology report. The report was ordered by the police agency investigating May's DUI.

Under these circumstances, the district court did not err in dismissing May's claims concerning whether the Board had a duty to obtain and disclose the toxicology report.

¶4     As an extension of this argument, May also contends that the Board should have modified its previous parole decision after the toxicology report was discovered, which resulted in his prior DUI offense being reduced to a careless driving conviction. Once again, however, the parole revocation was based primarily on May's admitted use of heroin, not the DUI conviction (even though May had pled guilty to such offense). May's admission to the use of heroin fully supported the Board's parole revocation.

¶5     May next argues that his counsel was ineffective in advising May to admit to parole violations without first investigating the results of the toxicology report. May failed to adequately preserve this issue for review. *See State v. Schwenke*, 2009 UT App 345, ¶ 19, 222 P.3d 768 (stating that "'to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue'" (citation omitted)). May's petition for extraordinary relief fails to set forth any claim of ineffective assistance of counsel. Further, his response to the Board's motion for summary judgment also failed to discuss any potential claim for ineffective assistance of counsel. As a result, the district court's order dismissing the petition for extraordinary relief made no mention of any such claim. While May may have made passing references in his arguments to possible disagreements with counsel, he never presented the argument to the court as a basis to support his petition for extraordinary relief. Accordingly, because the issue was not adequately preserved for review, we will not address the issue for the first time on appeal. *See State v. Pecht*, 2002 UT 41, ¶ 18, 48 P.3d 931 ("Generally, a defendant who fails to bring an issue before the trial court is barred from asserting it on appeal.").

¶6 Finally, May argues that the district court erred in determining that the Board did not abuse its discretion in ordering that May would not be eligible for a parole rehearing until 2022. May raises two statutory arguments to support this claim. However, May did not raise these arguments in the district court. Because these arguments were not raised in the district court, we decline to address them for the first time on appeal. *See id.*

¶7 In regard to May's broader argument concerning whether the Board abused its discretion in setting the rehearing date in 2022, nothing in the record demonstrates that the district court erred in dismissing this claim. Specifically, judicial review of the Board's decisions is limited to determining whether the Board has violated his rights to procedural due process and does not include authority for judicial review of the reasonableness of the Board's decision. *See, e.g., Preece v. House*, 886 P.2d 508, 512 (Utah 1994); *Renn v. Utah State Board of Pardons*, 862 P.2d 1378, 1381 (Utah Ct. App. 1993). Therefore, judicial review "is limited to the 'process by which the Board undertakes its sentencing function' and the courts do not 'sit as a panel of review on the result.'" *Preece*, 886 P.2d at 512 (quoting *Lancaster v. Utah Board of Pardons*, 869 P.2d 945, 947 (Utah 1994)). Further, "so long as the period of incarceration decided upon by [the Board] falls within an inmate's applicable indeterminate range . . . then that decision, absent unusual circumstances, cannot be arbitrary and capricious." *Id.*

¶8 Here, May was originally sentenced to two indeterminate life sentences. Thus, because the 2022 rehearing date fell within May's original sentence, the decision cannot be arbitrary and capricious absent unusual circumstances. The district court concluded, and we agree, that there were no such unusual circumstances here. May admitted to violating the terms of his parole by using heroin. Further, prior to this parole revocation, the Board had previously revoked and reinstated May's parole

four times. In terms of the Board's process, May was provided a copy of all the materials the Board relied upon in making its decision, and he was afforded an opportunity to defend himself at the revocation hearing with the aid of counsel. Nothing in the record demonstrates any unusual circumstances that would permit review of the Board's decision itself. Accordingly, May has failed to demonstrate that the district court erred in dismissing his claim regarding the Board's decision to set his next hearing date in 2022.

¶9     Affirmed.

———————