2018 UT App 188

## THE UTAH COURT OF APPEALS

DANNY P. PITCHER,
Appellant,
*v.*
STATE OF UTAH AND BOARD OF PARDONS AND PAROLE,
Appellees.

Opinion
No. 20160573-CA
Filed October 4, 2018

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 150907916

Lorenzo K. Miller, Attorney for Appellant

Sean D. Reyes, Erin T. Middleton, and Amanda N.
Montague, Attorneys for Appellees

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and DIANA HAGEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Following a parole review hearing, the Utah Board of
Pardons and Parole (the Board) determined that Danny P.
Pitcher would serve his maximum sentence of life in prison.
Pitcher petitioned the district court for relief from the Board's
decision. He now appeals from the district court's dismissal of
his petition for extraordinary relief. We reverse and remand for
additional proceedings.

BACKGROUND

¶2     In 1999, Pitcher pleaded guilty to two counts of sodomy
on a child. For each count, he was sentenced to a prison term of

five years to life, with the two sentences ordered to run concurrently. In January 2014, the Board held a parole hearing.

¶3      At that hearing, the Board considered a letter from Pitcher's son (Son), who was not one of the victims of the charges to which Pitcher pleaded guilty. In his letter to the Board, Son alleged that Pitcher had sexually abused Son, Son's friends, and Son's cousins. Also in his letter, Son asked the Board to keep Pitcher in prison. Son appeared personally at the parole hearing and reiterated this request. In addition to Son's letter, the Board received letters from several of the producers and hosts of a reality television show on which Son had appeared. These letters advocated denying Pitcher parole as well. The Board also considered other uncharged allegations of abuse from Idaho and Colorado.

¶4      The Board denied Pitcher parole and ordered that he "expire [his] life sentence." A "Rationale for Decision" checklist was attached to the order, identifying ten aggravating factors and three mitigating factors that supported the Board's decision.

¶5      Pitcher subsequently filed a petition in the district court pursuant to rule 65B(d) of the Utah Rules of Civil Procedure, seeking extraordinary relief from the Board's decision. Pitcher's petition alleged that the Board's decision to expire his maximum sentence was fundamentally unfair and constituted cruel and unusual punishment. Pitcher also alleged that the Board violated his due process rights by denying him "real" access to the information the Board was considering, failing to provide a meaningful written explanation of its decision, denying him access to legal assistance during the parole process, and failing to give him a "meaningful" opportunity to address allegations made at the hearing.

¶6      Upon initial review of Pitcher's petition, the district court determined that no claims in the petition were frivolous and that the petition should be permitted to proceed. Accordingly, the court ordered the Board to respond. The Board filed an answer

asserting, among other defenses, that Pitcher had failed to state a claim for which relief could be granted. Subsequently, the district court dismissed Pitcher's petition sua sponte, determining that Pitcher's claims lacked merit. Pitcher filed a motion to reconsider, which the court denied. Pitcher now appeals.

ISSUE AND STANDARD OF REVIEW

¶7     Pitcher asserts that the district court erred in sua sponte dismissing his petition for extraordinary relief without a motion from the Board and without providing him an opportunity to respond. Whether the district court properly dismissed the petition is a question of law, which we review for correctness. *See Lancaster v. Utah Board of Pardons*, 869 P.2d 945, 947 (Utah 1994).

ANALYSIS

¶8     "Rule 65B of the Utah Rules of Civil Procedure allows a petition for extraordinary relief where no other plain, speedy[,] and adequate remedy is available." *Gilbert v. Maughan*, 2016 UT 31, ¶ 15, 379 P.3d 1263 (quotation simplified); *see also* Utah R. Civ. P. 65B(a). However, such a petition "is not a proceeding for general review, and cannot be used as such." *Gilbert*, 2016 UT 31, ¶ 15 (quotation simplified). This is particularly true in petitions seeking review of decisions of the Board of Pardons and Parole, whose decisions involving "paroles . . . or terminations of sentence . . . are final and are not subject to judicial review." Utah Code Ann. § 77-27-5(3) (LexisNexis 2017). The court's review of the Board's decisions is therefore limited to situations where (1) procedural due process was denied, *see Foote v. Utah Board of Pardons*, 808 P.2d 734, 735 (Utah 1991), or (2) there has been a clear abuse of discretion, *see Ward v. Smith*, 573 P.2d 781, 782 (Utah 1978); *see also* Utah R. Civ. P. 65B(d)(2)(D) (permitting individuals to seek extraordinary relief "where the Board of

Pardons and Parole has exceeded its jurisdiction or failed to perform an act required by constitutional or statutory law"). In other words, courts may review "the fairness of the process by which the Board undertakes its sentencing function," but not the result. *Lancaster v. Utah Board of Pardons*, 869 P.2d 945, 947 (Utah 1994) (emphasis omitted).

¶9 Rule 65B permits a court to summarily dismiss a frivolous claim for extraordinary relief without findings of fact or conclusions of law. Utah R. Civ. P. 65B(b)(5).[1] In doing so, it must "stat[e] that the claim is frivolous on its face and the reasons for this conclusion." *Id.* If the court does not dismiss the claim as frivolous, the court is required to serve a copy of the petition upon the respondent and may issue an order directing the respondent to answer or otherwise respond. *See id.* R. 65B(b)(6).

¶10 Here, the district court did not dismiss Pitcher's claims as frivolous but instead ordered the Board to respond. After the Board filed an answer, but not a motion to dismiss, the district court sua sponte dismissed the petition because it "lack[ed] merit." The district court's memorandum decision dismissing

---

1. We note that rule 65B(b) "governs all petitions claiming that a person has been wrongfully restrained of personal liberty other than those specifically governed by Rule 65C." Utah R. Civ. P. 65B advisory committee's note. Here, Pitcher requested relief under subsection (d) of rule 65B, asserting that the Board "has exceeded its jurisdiction or failed to perform an act required by constitutional or statutory law." Utah R. Civ. P. 65B(d)(2)(D). Although subsection (d) does not expressly authorize dismissal of a frivolous petition, "[a] petition of any nature which fails to state a claim may be dismissed" as frivolous. *See Lancaster v. Utah Board of Pardons*, 869 P.2d 945, 948 (Utah 1994) (explaining that the district court properly dismissed a petition for extraordinary relief as frivolous on its face, despite the lack of express authority to do so in the applicable rule 65B subsection).

the petition first emphasized the limits of the court's jurisdiction over the Board's actions and then noted that (1) Son fell within the Board's definition of "victim," *see* Utah Admin. Code R671-203-1 (2017) (defining "victim" as "any person, of any age, against whom a related crime or act is alleged to have been perpetrated or attempted")[2]; (2) Pitcher was not entitled to appointed counsel in connection with the parole proceedings; and (3) the Board's determination that Pitcher must expire his sentence was subject to redetermination in the future. The court then stated that Pitcher's claims lacked merit and dismissed the petition.

¶11    We agree with Pitcher that the district court erred in dismissing his petition sua sponte without a motion from the Board and without providing Pitcher an opportunity to argue the merits of his petition. The Board asserts that the court may have been merely reconsidering its non-final determination on the frivolousness of Pitcher's petition. But the frivolousness determination under rule 65B considers whether "the claim is frivolous *on its face*." Utah R. Civ. P. 65B(b)(5) (emphasis added). The court engaged in this assessment, determined that Pitcher's claims were not frivolous on their face, and accordingly required the respondents to answer or otherwise respond to the petition. We are not persuaded that, in subsequently resolving the petition, the court was simply revisiting its frivolousness determination. The court did not identify this provision as a basis for its resolution of Pitcher's petition, nor did the court "stat[e] that the claim[s were] frivolous" or provide any "reasons for this conclusion." *Id*. It is also unlikely that the court regarded the claims frivolous on their face, on reconsideration, because it

---

2. It is worth noting that the current version of this rule eliminates this definition of "victim" and limits the definition to those against whom the defendant committed a criminal offense "for which a conviction was entered and for which the [Board] has jurisdiction" or who was "originally named in an allegation of criminal conduct." Utah Admin. Code R671-203-1(1) (2018).

was not until the court received the Board's response to Pitcher's motion to reconsider that the court was able to determine, relying on the Board's arguments, that Pitcher's claims were meritless. By dismissing the case without further briefing or hearing, the district court denied Pitcher notice and a meaningful opportunity to defend against the dismissal. *See Plumb v. State*, 809 P.2d 734, 743 (Utah 1990) ("Timely and adequate notice and an opportunity to be heard in a meaningful way are at the very heart of procedural fairness." (quotation simplified)).

¶12 The district court dismissed Pitcher's petition following the Board's filing of an answer. The parties do not dispute on appeal that the court acted sua sponte, without the prompt of a motion, and without any other apparent authority to resolve the case at that stage. Indeed, the Board "recognizes the district court's dismissal may have been procedurally inappropriate." Addressing Pitcher's motion for reconsideration, the court explained that "the claims were legally insufficient to proceed" and that "[n]o facts were found or adjudicated in this matter." The parties' arguments on appeal illustrate the conundrum created by the court's sua sponte decision. With no indication of the applicable standard or any factual findings to review, the parties struggle to fit the district court's memorandum decision into the framework of a rule 12(b)(6) dismissal or rule 56 summary judgment. *See generally* Utah R. Civ. P. 12(b); *id.* R. 56. Similarly, we are at a loss to select the appropriate measure by which we might meaningfully review the court's decision.

¶13 To be sure, rule 65B authorizes special procedures for petitions requesting extraordinary relief that are different from the general rules of procedure. It allows the court, for example, to set a "hearing on the merits" following the filing of a petition, even before a responsive pleading is filed. *See id.* R. 65B(d)(3). It also authorizes the court to direct the respondent to provide a record or transcript of the challenged proceedings. *See id.* In determining whether to dismiss Pitcher's claim that he was denied due process because he was not given adequate

opportunity to review the evidence against him and did not have a meaningful opportunity to defend himself at the parole hearing, the legal question is not whether Pitcher actually had these opportunities but whether the denial of such opportunities, if proven, would be a violation of due process protections.

¶14 Of additional concern, the district court's decision to dismiss the petition did not address all of Pitcher's claims. The court's decision emphasized the limitations of its jurisdiction, apparently considering Pitcher's petition to be a challenge to the result of the Board's decision that Pitcher expire his life sentence. *See Lancaster v. Utah Board of Pardons*, 869 P.2d 945, 947 (Utah 1994) (explaining that courts "must review the fairness of the *process* by which the Board undertakes its sentencing function, but [the courts] do not sit as a panel of review on the result, absent some other constitutional claim"). Here, the court appears to have summarily dismissed his claims based primarily on Utah Code section 77-27-5(3), which limits judicial review of the Board's decisions. Many of Pitcher's allegations, however, raised due process or constitutional questions. These claims remain subject to judicial review. *See Foote v. Utah Board of Pardons*, 808 P.2d 734, 735 (Utah 1991). While the question of whether these claims are meritorious may be debatable, we agree with Pitcher that he was entitled, at a minimum, to participate in a debate about the sufficiency of the process provided by the Board at his parole hearing. While the court did address the merits of some of Pitcher's claims, it did not address those claims in full, appearing to rely instead on its assessment that the claims inappropriately challenged the Board's decision rather than the fairness of the process. Most notably, the court did not touch on Pitcher's claim that he was denied an adequate opportunity to review the evidence against him or to meaningfully defend himself at the parole hearing. The court also did not address Pitcher's claim that the Board erred in considering letters from other parties and relying on uncharged allegations of abuse in other states.

¶15 The Board argues that any failure to address the issues Pitcher asserts on appeal was harmless because Pitcher's petition

did not elaborate on the facts supporting his claims. But this assertion illustrates precisely why it was error for the court to have dismissed the case sua sponte without giving Pitcher an opportunity to defend against the dismissal. Under Utah's "liberal standard of notice pleading," *see Canfield v. Layton City*, 2005 UT 60, ¶ 14, 122 P.3d 622, a petitioner need submit only "a short and plain . . . statement of the claim showing that the party is entitled to relief" and a "demand for judgment for specified relief," Utah R. Civ. P. 8(a); *see also id.* R. 65B(b)(3) (requiring that a petition for extraordinary relief "contain a short, plain statement of the facts on the basis of which the petitioner seeks relief"). The statement of the claim should give the respondent "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982) (quotation simplified). The petitioner is not required to provide full evidentiary support for the allegations at the pleading stage. We cannot conclude that the error was harmless if Pitcher asserted claims, in short and plain fashion, and was then denied the opportunity to elaborate on or develop the facts supporting his petition. Indeed, had the court proceeded to resolve the petition at a hearing on the merits, the court could have required the respondent to "deliver to the court a transcript or other record of the [challenged] proceedings." Utah R. Civ. P. 65B(d)(3).

¶16 Here, Pitcher claimed that the Board denied him due process as guaranteed under the Utah and United States Constitutions. Among other allegations, Pitcher asserted that he was denied (1) "real access to the information the Board was considering"; (2) the "right to an attorney or other legal assistance during the [Board's] decision-making process"; and (3) the "right to meaningfully address the Board and/or to defend against the . . . allegations of non-victims." These are sufficient to fulfill the requirements of a short and plain statement under our notice-pleading standard. Accordingly, we see no merit in the Board's argument that we can affirm the dismissal of Pitcher's petition on the alternative basis that he failed to allege specific facts to support these allegations. When

considering procedural due process claims, our supreme court has cautioned that "[p]recisely what due process requires of the board of pardons cannot be determined in the abstract, but must be determined only after the facts concerning the procedures followed by the board are" delineated. *Foote*, 808 P.2d at 735. This was not done.

¶17 We conclude that the district court erred in summarily dismissing Pitcher's petition sua sponte without the prompt of a dispositive motion, and without affording Pitcher a hearing on the merits of his petition as expressly provided for in rule 65B. Consequently, we express no opinion on the veracity or strength of Pitcher's underlying claims in his petition for extraordinary relief. The lack of legal authority—and corresponding standard—supporting the district court's summary dismissal, deprives us of any meaningful opportunity to gauge the correctness of that decision. Additionally, we decline the Board's invitation to step into the district court's shoes, perform the analysis it should have performed in the first instance, and affirm despite the "procedurally inappropriate" dismissal.

CONCLUSION

¶18 We conclude that the district court erred when, after determining that Pitcher's claims were not frivolous on their face, it dismissed Pitcher's petition without providing him an opportunity to address the court's dismissal or without affording him a hearing on the merits of his petition. Accordingly, we reverse the district court's dismissal of Pitcher's petition for extraordinary relief and remand for further proceedings.

_____